598 A.2d 105

**CITY OF PHILADELPHIA, Appellant,**

v.

**PENNROSE MANAGEMENT COMPANY and Don Wilkinson Agency, Inc. and Donald E. Wilkinson, Officer and Pauline Rundle, Officer and Municipality of Kingston, Pa., Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 2, 1991.

Decided Oct. 4, 1991.

628

William J. Levant, Asst. City Sol., for appellant.

Sean P. McDonough and Charles R. Coslett, for appellees.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The City of Philadelphia (City) appeals an order from the Court of Common Pleas of Luzerne County which sustained the preliminary objections in the nature of motions to strike filed on behalf of the Municipality of Kingston (Kingston) and jointly filed by Donald E. Wilkinson, Pauline Rundle and the Don Wilkinson Agency, Inc., (collectively hereinafter Wilkinson Agency). We affirm in part and remand.

The City instituted an action at law by filing a five count "Complaint In Civil Action" in the Court of Common Pleas of Luzerne County on June 25, 1990. The first three counts of the complaint allege, *inter alia,* that Pennrose Management Co. (Pennrose) failed to pay $47,539.99 in wage taxes owed to the City pursuant to Section 19–1500 of the Phila-

delphia Code (Code). The complaint further alleges that Pennrose incorrectly paid the tax monies owed to the City over to the Wilkinson Agency, the authorized collection service of Kingston. The Wilkinson Agency then allegedly paid the same tax monies over to Kingston. The complaint alleges that all demands for payment of the tax monies have been refused and seeks recovery of the tax monies owed together with attorney fees, court costs, collection fees, and interest and penalties as provided by Section 19–509(1) of the Code.[1]

Count V of the complaint sought fines, in the amount of $315,000.00, against the Wilkinson Agency and Kingston pursuant to Sections 19–509(3)–(4) of the Code which provides that any person or agent of the City who shall fail or refuse to pay over any tax monies owed under Title 19 of the Code shall be subject to a fine of not more than $300 for each offense with imprisonment for not more than 90 days if the fine is not paid within 10 days. A separate offense shall be deemed to occur on the first day of each month in which such nonpayment occurs. The complaint alleges that Kingston and the Wilkinson Agency violated the Code 1050 times.

Count IV of the complaint sought equitable relief as follows: 1) a list of clients of the Wilkinson Agency who were also responsible for payment of wage taxes to the City; 2) an accounting of all such monies collected by the Wilkinson Agency; 3) the imposition of a constructive trust on all such monies; and 4) a permanent injunction prohibiting any further interference with the City's collection efforts.

The Wilkinson Agency and Kingston filed separate, but substantially similar, preliminary objections to the complaint, as follows: 1) motion to strike Count V on the basis that it constituted a misjoinder of a criminal matter in a civil case; 2) motion to strike Count IV because it sought equitable relief in a civil action at law; and 3) motion to strike

1. The complaint alleges that interest accrues pursuant to Section 19–509(1) of the Code at a rate of 1¾% per month.

Exhibits "B" and "D" because they improperly reflect offers of compromise.

By order dated September 6, 1990, the Court of Common Pleas of Luzerne County sustained the preliminary objections of both the Wilkinson Agency and Kingston by striking Counts IV and V and Exhibits "B" and "D" of the complaint. The City filed this timely appeal.[2] On November 30, 1990, the trial court filed a memorandum in support of its order.

The Wilkinson Agency and Kingston assert that the order of the trial court sustaining the preliminary objections is an interlocutory order and, as such, is not appealable. As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable. *Praisner v. Stocker*, 313 Pa. Superior Ct. 332, 459 A.2d 1255 (1983). However, when the dismissal of one or more counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the merits of separate and distinct causes of action, the order sustaining the preliminary objections is final with regard to those causes of actions dismissed. *Spivack v. Berks Ridge Corporation, Inc.*, 402 Pa. Superior Ct. 73, 586 A.2d 402 (1990). An order is final when it ends the litigation or, in effect, disposes of the entire case. *Praisner*, 313 Pa. Superior Ct. 332, 459 A.2d 1255 (1983). Since the effect of the trial court's order was to dismiss the City's equitable claim as well as their claim under the ordinance seeking fines for nonpayment of the wage tax, the order is final and appealable.

In its memorandum in support of its order, the trial court stated that it struck Count V of the complaint because it was based upon scandalous and impertinent matter in that it accused the defendants of violating the Code and subjected the defendants to fines and possible imprisonment pursuant to Section 19–509(3) of the Code. The City contends

---

**2.** On appeal, the City does not challenge the trial court's decision to strike Exhibits "B" and "D" and pursuant to Pa.R.A.P. 2116 we need not address the issue.

that Count V of the complaint seeks civil remedies under a municipal order and should not have been stricken by the trial court.

 We begin by noting that an appellate court may affirm the judgment of the trial court where the result is correct, even though the reason given is erroneous, when the correct basis for the decision is clear on the record. *Rhoads v. Lancaster Parking Authority,* 103 Pa. Commonwealth Ct. 303, 520 A.2d 122, *petition for allowance of appeal denied,* 515 Pa. 611, 529 A.2d 1084 (1987). While the trial court's reasons for striking Count V of the complaint were erroneous, this Court, however, affirms the decision for the following reasons.

This civil action was filed in 1990 at which time the Pennsylvania Rules of Criminal Procedure pursuant to Rule 3 defined the following terms:

(h) Criminal Proceedings include all actions for the enforcement of the Penal Laws.

(k) Issuing Authority is any public official having the power and authority of an alderman, justice of the peace, magistrate or district justice.

(m) Ordinance is a legislative enactment of a political subdivision.

(n) Penal Laws include all statutes and embodiments of the common law which establish, create or define crimes or offenses including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty.

(p) Political Subdivision shall mean county, city, township, borough or incorporated town or village having legislative authority.

(s) Summary Case is a case in which the only offense or offenses charged are summary offenses.

Pa.R.Crim.P. 3.

Prior to the adoption of the Pennsylvania Rules of Criminal Procedure herein relevant, case law unequivocally held that an action brought against a defendant for the violation

of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding. *Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A.2d 514 (1964); *City of Philadelphia v. Home Agency, Inc.,* 4 Pa. Commonwealth Ct. 174, 285 A.2d 196 (1971); *York v. Baynes,* 188 Pa. Superior Ct. 581, 149 A.2d 681 (1959). However, the Superior Court decided in *Lower Merion Township v. Schenk,* 247 Pa. Superior Ct. 494, 372 A.2d 934 (1977), that the Pennsylvania Rules of Criminal Procedure overruled the common law holding that an action for violation of a municipal ordinance is a civil proceeding.

This issue was next considered by our Supreme Court in *Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981). The facts in *Lal* involved a defendant found guilty for having violated a municipal ordinance which provided for imposition of fine or imprisonment in the county jail for a term not to exceed 30 days. Our Supreme Court held the following:

> The Pennsylvania Rules of Criminal Procedure define 'criminal proceedings' as including 'all actions for the enforcement of the Penal Laws.' Pa.R.Crim.Pro. 3(g). The penal laws include 'any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty.' Pa.R.Crim.Pro. 3(1). An ordinance is a 'legislative enactment of a political subdivision.' Pa.R.Crim.Pro. 3(k). These definitions (which were in effect in 1976) remove any doubt as to the nature of the instant proceedings—they are criminal proceedings.

493 Pa. at 391, 426 A.2d at 605.

Neither *Lal, Schenk,* nor the Pennsylvania Rules of Criminal Procedure pretend to assert that the violation of an ordinance for which imprisonment may be imposed upon conviction or upon failure to pay a fine or a penalty is a criminal offense. A review of the cases and the pertinent rules merely reveals that the procedure for the enforcement of such ordinances is to be according to provision of the Pennsylvania Rules of Criminal Procedure. This distinction

was clarified by the Supreme Court nine months after deciding *Lal,* wherein it again addressed the issue of whether an action for violation of a municipal ordinance is civil in nature. In *In Re Investigating Grand Jury,* 496 Pa. 452, 437 A.2d 1128 (1981), the Supreme Court held as follows:

> Nor can respondent prevail through its reliance upon Pa.R.Crim.P. 3. Under Rule 3, 'criminal proceedings' include 'all actions for the enforcement of the penal laws.' Pa.R.Crim.P. 3(g). 'Penal laws' are defined as 'all statutes and embodiments of the common law which establish, create or define crimes or offenses including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty.' Pa.R.Crim.P. 3(1). However, the inclusion of 'ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty' within the definition of 'penal laws' does not make violations of such ordinances 'crimes.' Rather, it merely reflects the established principle that, in a civil action whose object is to penalize a civil defendant for the commission of an offense against the law, protections available to defendants in traditional criminal prosecutions may attach. (Citations omitted.)

496 Pa. at 460–61, 437 A.2d at 1132.

Although the Supreme Court held that a civil enforcement action may not be characterized as a prosecution of a crime, a person who violates an ordinance which provides for imprisonment upon conviction or failure to pay a fine or penalty is entitled to the same protections afforded in criminal proceedings.

■ . The law as presently constituted holds that violation of a municipal ordinance is not a crime; however, the enforcement of such ordinances must follow the Pennsylvania Rules of Criminal Procedure. Criminal proceedings in summary cases are to be brought under the provisions of Chapter 50 of the Rules.[3]

3. Pa.R.Crim.P. 51–91 govern the procedures in summary cases.

The Pennsylvania Rules of Criminal Procedure provide for the commencement of an action for the violation of an ordinance by way of citation or complaint. Pa.R.Crim.P. 51. The Rules further provide that if the defendant pleads guilty, the issuing authority shall impose sentence; however, if the defendant pleads not guilty, the issuing authority shall try the case in the same manner as trials in criminal cases are conducted in the court of common pleas when jury trial has been waived. Pa.R.Crim.P. 82. If a defendant is found guilty by the issuing authority and appeals, the Rules provide that "the case shall be heard *de novo* by the appropriate division of the court of common pleas as the president judge shall direct." Pa.R.Crim.P. 86(f). Clearly, initial jurisdiction is with the issuing authority and not with the court of common pleas. Accordingly, the claim set forth in Count V is not properly before the trial court. Thus, the trial court did not err by striking Count V of the complaint.

▆ The City also argues that the trial court erred by striking Count IV of the complaint. The trial court determined that the City's requests for both legal and equitable relief in the same complaint in a civil action at law, although made in separate counts, constitutes a misjoinder of causes of action. The trial court struck Count IV of the complaint because equitable relief cannot be granted in an action at law. *See Du Puy's Estate*, 373 Pa. 423, 96 A.2d 318 (1953). The City asserts that Rule 1020(d)(1) of the Pennsylvania Rules of Civil Procedure requires that all causes of action against a person arising from a single transaction or occurrence be joined in a single action. The City concedes that Count IV of the complaint seeks equitable relief but then argues that the legal and equitable relief sought should be joined in a single action since the conduct complained of arises from the same transaction.

In its brief, the City admits that the equitable relief in Count IV of the complaint was sought to prevent the defendants from engaging in similar conduct in the future and that none of the equitable relief sought will help the

City recover its tax money presently held by the defendants. The City therefore concedes that the legal and equitable causes of action do not arise from a single occurrence. The City further argues that the only full and complete relief available involves both legal and equitable remedies. However, there is no authority in the Pennsylvania Rules of Civil Procedure to join an action at law with an action in equity. *See D'Allessandro v. Wassel*, 526 Pa. 534, 587 A.2d 724 (1991).

The City further argues in the alternative that the trial court erred by granting outright dismissal and rather should have granted a severance of Count IV. We agree. Although the trial court was correct that such a joinder of causes of action was improper, the trial court erred in dismissing Count IV. Since the City had filed a complaint at law and Count IV asserts a claim seeking equitable relief, the appropriate procedure, which we direct the trial court to pursue on remand, was to sever Count IV, with leave to the City to assert the claim set forth therein in a separate civil action in equity pursuant to the Pennsylvania Rules of Civil Procedure.[4]

## ORDER

AND NOW, this 4th day of October, 1991, it is ORDERED as follows:

1) The order of the Court of Common Pleas of Luzerne County striking Count V of the complaint is affirmed; and

2) The order of the Court of Common Pleas of Luzerne County striking Count IV of the complaint is vacated and the case is remanded with directions consistent with this opinion.

Jurisdiction relinquished.

---

4. Pa.R.C.P. 1501–1550 govern actions in equity.