623 A.2d 878

**COMMONWEALTH of Pennsylvania**

v.

**Fred P. HARCHELROAD.**

**Appeal of MUNICIPALITY OF PENN HILLS.**

Commonwealth Court of Pennsylvania.

Argued Oct. 22, 1992.

Decided March 17, 1993.

August C. Damian, for appellant.
Gary Milnes, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

The Municipality of Penn Hills (Municipality) appeals from an order of the Court of Common Pleas of Allegheny County which relied upon the concept of laches to determine that Harchelroad had not violated the Penn Hills Zoning Ordinance. We reverse and remand.

On July 6, 1989, the Municipality issued a Notice of Violation to Harchelroad for violating the zoning ordinance by conducting commercial activities on property in an R-2 residential district. Harchelroad received this notice on July 8, 1989. On August 2, 1989, the Code Enforcement Department filed a criminal complaint [1] with the district justice, accusing Harchelroad of violating the penal laws of the Commonwealth of Pennsylvania through his violation of the Penn Hills Zoning Ordinance. Following summary conviction on December 20, 1990, Harchelroad filed a Notice of Appeal from the "sentence

---

1. Pursuant to section 617.2 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, added by, Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2 (MPC), enforcement proceedings are civil proceedings. The Municipality's ordinance did not reflect the 1988 changes to the MPC; rather it was enacted under the prior enabling legislation which did not specify whether such proceedings are civil or criminal. However, because section 103 of the MPC, 53 P.S. § 10103, provides that the provisions of the amended act "shall not affect ... any suit or prosecution pending or to be instituted, to enforce any ... ordinance ... enacted under [the prior enabling act]", the fact that the enforcement proceeding was initiated by a private criminal complaint rather than a civil complaint is not fatal to the Municipality's action against Harchelroad.

Use of the private criminal complaint will not prejudice Harchelroad because although prosecutions under municipal ordinances are civil, not criminal actions, *Philadelphia v. Home Agency, Inc.*, 4 Pa.Commonwealth Ct. 174, 285 A.2d 196 (1971), the Rules of Criminal Procedure govern these summary actions, *City of Philadelphia v. Pennrose Management Company*, 142 Pa.Commonwealth Ct. 627, 598 A.2d 105 (1991), *appeal denied*, 530 Pa. 661, 609 A.2d 169 (1992), and defendants in municipal enforcement actions are afforded the same protections as defendants in criminal proceedings. *In re Investigating Grand Jury*, 496 Pa. 452, 437 A.2d 1128 (1981). *See also Commonwealth v. Carter*, 36 Pa.Commonwealth Ct. 569, 377 A.2d 831 (1977), *modified*, 36 Pa.Commonwealth Ct. 569, 389 A.2d 241 (1978).

of $50.00 fine and court costs." (R.R. at 4a.) On appeal, the Allegheny County Court of Common Pleas found that the equitable defense of laches applied and, therefore, that Harchelroad had not violated the zoning ordinance.

 The Municipality filed a Motion for Reconsideration. After hearing the Motion for Reconsideration, the trial court reaffirmed its original order.[2] The Municipality appeals.[3]

2. The original order was dated April 24, 1991 but because neither side received notice of the April order, the court granted reconsideration on August 12, 1981. A reconsideration after the 30 day appeal period has run may be granted if there has been "an oversight or act by the court, or failure of the judicial process, which operates to deny the losing party knowledge of entry of final judgment and commencement of the running of the appeal period." *DeMarco v. Borough of East McKeesport*, 125 Pa.Commonwealth Ct. 13, 17 n. 4, 556 A.2d 977, 979 n. 4 (1989), *appeal denied*, 525 Pa. 614, 577 A.2d 545 (1990). Although .denominated a grant of a motion for reconsideration, it is apparent that the court granted review nunc pro tunc. The order affirming the April order was dated September 27, 1991. An additional order, dated November 19, 1991, denied the motion for admission of court files. Although both parties briefed the propriety of the denial, the issue is not before us since the November 19, 1991 order is not the subject of this appeal.

3. ʼWe recognize that where the trial court finds a defendant "not guilty" on a *de novo* appeal from a summary conviction or determines that the evidence is insufficient to support a conviction, the principal of double jeopardy precludes the commonwealth's appeal. *Borough of West Chester v. Lal*, 493 Pa. 387, 426 A.2d 603 (1981). However, that is not what happened here. Instead, the trial court did not adjudicate Harchelroad's case on the merits, finding him either guilty or not guilty, but ruled that Harchelroad did not violate the zoning ordinance based on its determination on the purely legal issue of laches. *Heidorn Appeal*, 412 Pa. 570, 195 A.2d 349 (1963).

In *U.S. v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977), the United States Supreme Court said that the form of a judge's action does not control for purposes of double jeopardy, but that "we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the *factual elements of the offense charged.*" 430 U.S. at 571, 97 S.Ct. at 1355 (emphasis added). Where the question involved is *purely one of law*, the commonwealth may appeal from an adverse ruling in a criminal case. Furthermore, because the record here contains sufficient evidence, a second trial would not be necessitated by a reversal; therefore, double jeopardy is not implicated, and the trial court decision is appealable. *Commonwealth v. Smalis*, 331 Pa.Superior Ct. 307, 480 A.2d 1046 (1984), *rev'd, sub nom., Commonwealth v. Zoller*, 507 Pa. 344, 490 A.2d 394 (1985), *rev'd*, 476 U.S. 140, 106 S.Ct.

Before the trial court, Harchelroad defended against his conviction on purely equitable grounds, asserting that he had operated a commercial enterprise on his property in a residential zone without interference from the Municipality since 1953 and that the doctrine of laches barred the Municipality from interfering with his continued commercial use of the property. Secondly, Harchelroad argued that by virtue of the Municipality's failure to attack his commercial use for a substantial period of time, he had a vested right to continue that use. Relying on *Heidorn Appeal*, 412 Pa. 570, 195 A.2d 349 (1963), the trial court agreed, stating that "[t]o find against [Harchelroad] would be to work an inequity." (R.R. at 143a.)

■ The critical issue presented in this appeal is whether the trial court erred in relying on the equitable defense of laches to decide an appeal from a summary conviction for violation of a zoning ordinance.[4]

■ Although on the surface *Heidorn* and this case raise similar issues, they are easily distinguished. The relevant similarities between *Heidorn* and this case are that each involved a long term violation of a zoning ordinance with which the municipality had not interfered and that in each case the property owner was subsequently informed of the violation. Here the similarities end. *Heidorn* was not an appeal from an enforcement proceeding. Rather, upon receiving notice that an overhang on their house encroached into the required setback, the Heidorns took immediate action, first applying to the zoning board of adjustment for a variance. When the board denied the variance, the Heidorns appealed to the court of common pleas which granted the application on equitable grounds, a decision later affirmed by our supreme court.

1745, 90 L.Ed.2d 116 (1986) and *reinstated,* 511 Pa. 229, 512 A.2d 634 (1986).

4. Our scope of review of a trial court's determination on an appeal from a summary conviction is whether there has been an error of law or whether findings of the trial court are supported by competent evidence. *Blobner v. Commonwealth,* 144 Pa.Commonwealth Ct. 100, 600 A.2d 708 (1991).

Harchelroad, on the other hand, took no action following his Notice of Violation. Instead, he sat on his rights until the Municipality proceeded with an enforcement action. Harchelroad then raised the defense of laches. In similar situations, our supreme court has held that it is improper to raise zoning issues in an enforcement proceeding because doing so is "contrary to the legislative directive in establishing both a procedure as well as a forum for zoning matters." *Philadelphia v. Budney*, 396 Pa. 87, 89, 151 A.2d 780, 781 (1959). *See also Commonwealth ex rel. Ransom Township v. Mascheska*, 213 Pa.Superior Ct. 195, 245 A.2d 721 (1968).

Harchelroad's case is simply an appeal from a summary conviction for the violation of:

illegal commercial use of property zoned R–2 single family Residential—Section 5.3 of Ordinance # 1617—Vacant lot between 214–134 Tilford Rd.

Violations consist of; [sic]

1. Parking tractor and trailer on property.

2. Storing of slag, stone and other construction material.

3. Parking of damaged trailer on lot.

(R.R. at 3a.)

—no more, no less.

■ It is possible to defend against these violations by proving that: 1) the property at issue is zoned for commercial purposes; 2) section 5.3 of Ordinance No. 1617 is factually inapplicable; or 3) Harchelroad did not use the property for the enumerated commercial purposes on or about July 25, 1989. However, equitable defenses such as laches, vested rights or variance by estoppel cannot be raised in an enforcement proceeding. An action in equity will not lie to question the validity of the ordinance or its application unless the aggrieved party exhausts his statutory remedies. *Pittsburgh Outdoor Advertising Company v. Clairton*, 390 Pa. 1, 9, 133 A.2d 542, 546 (1957). Harchelroad could have properly raised

the equitable defenses he now argues only by following the procedures set forth in the MPC.[5]

The official Notice of Violation received by Harchelroad stated that "[f]ailure to comply with the requirements of this official notice, unless extended by appeal to the Zoning Hearing Board, constitutes a violation and may subject you to possible fines and penalties...." (R.R. at 1a.) Once Harchelroad ignored the Notice of Violation and failed to appeal to the Zoning Hearing Board, he became subject to the enforcement proceeding where equity could not lie as a defense.

The trial court did not adjudicate this case on its merits but instead relied on an equitable affirmative defense not available in an enforcement proceeding. Because the defense of laches is not available here and because the trial court never ruled on whether the *evidence* was sufficient to convict, *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), we reverse and remand for an adjudication on the merits based on the evidence of record.

## ORDER

AND NOW, this 17th day of March, 1993, the order of the Court of Common Pleas of Allegheny County, dated September 27, 1991, is reversed and remanded.

Jurisdiction relinquished.

5. A person contesting a notice of violation must appeal the zoning officer's determination to the zoning hearing board. Section 616.-1(c)(5) of the MPC, 53 P.S. § 10616.1(c)(5), provides that an enforcement notice shall state that "the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance." Further, section 909.1 of the MPC, 53 P.S. § 10909.1, furnishes the zoning hearing board with *"exclusive jurisdiction* to hear and render final adjudications [of] ... [a]ppeals from the determination of a zoning officer."* (Emphasis added.) If the Municipality commences and is successful in a civil enforcement proceeding, the violator may petition the trial court for a stay tolling the per diem fines pending final adjudication of the violation and judgment but may not use this procedure to challenge the zoning officer's determination of violation. The exclusive route for challenging a determination of a violation is for the alleged violator to appeal to the zoning hearing board.