647 A.2d 970

**COMMONWEALTH of Pennsylvania,**

v.

**Richard TARLECKI, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 27, 1994.

Decided Aug. 31, 1994.

Reargument Denied Oct. 25, 1994.

---

Richard Tarlecki, appellant, for himself.

Henry J. Lunardi, for appellee.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Richard Tarlecki appeals from an order of the Court of Common Pleas of Delaware County fining him $300.00 for violating a Borough of Darby (Borough) municipal ordinance (Code) which requires the owner, proprietor or operator of a

boardinghouse to apply for inspection and licensing.[1]   We reverse.

Tarlecki owns a two-story rowhouse.  The living room area has been partitioned, making it possible to proceed directly to the second floor without entering the living room area;  the dining room has been converted to sleeping quarters complete with a bed and metal cabinets for clothing, and the basement has been converted into two bedrooms and a bath.  Separate refrigerators, stocked with food, are located on each floor of the dwelling, but there is only one kitchen with a stove for preparing meals.  Several adults reside in the building and share expenses.  The Borough's code enforcement officer cited Tarlecki for failing to apply for a license to operate the property as a boarding home in violation of the Code.  After a hearing before the District Justice, Tarlecki was found guilty. Tarlecki appealed to the trial court which, after a trial *de novo,* found Tarlecki guilty and assessed a fine of $300.00.

On appeal,[2] Tarlecki argues that the Borough failed to prove that he is operating a boardinghouse and, therefore, that the court erred in finding him guilty of failing to apply for inspection and licensing of his property for operation of such a facility.[3]   We agree.

Section 84–1 of the Code provides:

No person, firm or corporation shall manage, conduct or operate the business of keeping an apartment house, hotel,

---

1.  Tarlecki was specifically cited for operating a boardinghouse without a license.  Thus, the parties do not address whether any other violations of the Code may have occurred.

2.  Our scope of review of a trial court's decision on an appeal from a summary conviction is limited to determining whether there has been an error of law or whether the trial court's findings are supported by competent evidence.  *Commonwealth v. Harchelroad,* 154 Pa.Commonwealth Ct. 259, 623 A.2d 878, *appeal denied,* 535 Pa. 649, 633 A.2d 153 (1993).

3.  In his pro se brief, Tarlecki makes several arguments most of which are subsumed under the above statement of the issue.  In addition, after stating that the Borough must prove Tarlecki's violation beyond a reasonable doubt, Tarlecki argues that the trial court failed to apply that standard.  Given our disposition of this case, we need not address the burden of proof in an action for violation of a municipal ordinance.

apartment hotel, boardinghouse, lodging house or two-family dwelling, as defined in this chapter, without first having obtained a license therefore as herein provided.

Section 84–2 of the Code defines a boardinghouse as:

Any building or lodging house in which meals are prepared and served to lodgers or roomers or others not in the family of the owner or lessee or such building.

Section 84–3.B. of the Code provides:

It shall be the duty of each and every owner, proprietor or operator of any apartment house, hotel, apartment hotel, boardinghouse, lodging house or two-family dwelling who shall intend to commence such business subsequent to the passage of this chapter to apply to the [Secretary of the Borough of Darby] in writing for inspection and licensing prior to the beginning of such business.

Here, nothing in the record indicates that "meals are prepared and served" in Tarlecki's residence so as to bring it within the definition of a boardinghouse. Thus, the trial court erred in finding Tarlecki guilty of violating the provision of the Code requiring him to obtain a license for a boardinghouse because the Borough failed to prove that Tarlecki operated a boardinghouse.

Accordingly, we reverse.

## ORDER

AND NOW, this 31st day of August, 1994, the order of the Court of Common Pleas of Delaware County, dated September 16, 1993, is reversed.

SMITH, J., concurs in the result only.