652 A.2d 393

Gerald A. LUSTIG, Individually and as Shareholder
to Camp Weequahic, Inc., a Pennsylvania
Business Corporation, Appellant

v.

Gayle LUSTIG a/k/a Gail Lustig, Joan (Lustig) Seffer,
Mollie Lustig, and Camp Weequahic, Inc.

Superior Court of Pennsylvania.

Submitted Nov. 16, 1994.

Filed Jan. 12, 1995.

Anthony J. Martino, Bangor, for appellant.

Thomas F. Ford, Wilkes–Barre, for appellees.

Before CIRILLO, TAMILIA and HOFFMAN, JJ.

CIRILLO, Judge.

Gerald A. Lustig ("Appellant"), individually and as a shareholder of Camp Weequahic, Inc., appeals from an order entered in the Court of Common Pleas of Wayne County, dismissing his amended complaint as having been incorrectly filed as an action at law. We quash this appeal.

Appellant commenced an action against his two sisters, Gayle Lustig (a/k/a Gail Lustig) and Joan (Lustig) Seffer, and his mother Mollie Lustig (collectively referred to as "Appellees"). The parties to the action represented all of the stockholders of Camp Weequahic, Inc. (the "Company"). Appellees filed preliminary objections to the complaint. Thereafter, Appellant filed an amended complaint, naming the Company as an additional defendant. The amended complaint alleged various injuries to the Company.

Appellees filed preliminary objections in the nature of a demurrer to the amended complaint. The trial court sustained Appellees' preliminary objections and dismissed the amended complaint. The trial court held that because "the entire tenor of the Amended Complaint is that the actions of the Defendants [Appellees] have inflicted direct injury on the corporation," the action should have been commenced as a stockholder's derivative action in the equity side of the court. Pa.R.C.P. 1506. While Rule 1509(c) of the Pennsylvania Rules of Civil Procedure allows a trial judge to transfer an improperly filed equity case to the law side of the court, there is no rule allowing the converse—a transfer from law to equity.

The order sustaining preliminary objections and dismissing the amended complaint was issued on March 25, 1994 and entered on March 28, 1994. On April 4, 1994, less than one week after the order was entered, Appellant filed an identical complaint with the equity side of the court.[1] Notwithstanding the pending equity action, Appellant filed a notice of appeal from Judge Conway's dismissal of his amended complaint from the law side of the court.

Generally, an order sustaining preliminary objections and dismissing a complaint is a final order. *Estate of Gasbarini v. Medical Center of Beaver County, Inc.*, 487 Pa. 266, 270, 409 A.2d 343, 345 (1979); *see also Scott v. Adal Corp.*, 276 Pa.Super. 459, 419 A.2d 548 (1980). In contrast, an order certifying a case from the equity side to the law side of the court, generally, is not appealable as a final order, unless the order puts a party out of court. *McFarland v. Weiland Packing Co.*, 416 Pa. 277, 279–80, 206 A.2d 18, 19 (1965) (citing *Nachod v. Nachod*, 402 Pa. 60, 166 A.2d 18 (1960); *White v. Young*, 402 Pa. 61, 166 A.2d 663 (1960)); Pa.R.C.P. 1509(c); *see also* 5 Goodrich–Amram 2d § 1509(c):4 (1990). To determine whether an order is final, however, the court must look beyond the technical effects of the adjudication to its practical ramifications. *Husted v. Board of Directors*, 57 Pa.Commw. 520, 522–24, 427 A.2d 272, 274 (1981) (citing *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977)).

In *City of Philadelphia v. Pennrose Management Co.*, 142 Pa.Commw. 627, 598 A.2d 105 (1991), the City of Philadelphia commenced an action at law against the municipality and its collection agency, alleging that Pennrose Management Company (taxpayer) failed to pay city wage taxes and incorrectly paid taxes to the municipality's collection agency. *Id.* at 627–

---

1. The action before the "equity" side of the Court of Common Pleas of Wayne County is docketed at No. 9–Equity–1994. The fact that Appellant has filed an identical complaint with the "equity" side of the court, however, is not part of the certified record on appeal. Pursuant to Pa.R.A.P. 1926, therefore, this court, via a separate order, has directed the trial court to certify and transmit a supplemental record containing the complaint in equity at docket No. 9–Equity–1994 to be made part of the record on appeal.

29, 598 A.2d at 105–106. Count IV of the five count complaint sought various forms of equitable relief. The defendants filed preliminary objections in the nature of a motion to strike Count IV because it sought equitable relief in a civil action at law. The trial court sustained the preliminary objections, finding that the City's request for both legal and equitable relief in the same complaint in a civil action at law constitutes a misjoinder of causes of action. The City appealed. *Id.*

On appeal, the City claimed that Rule 1020 of the Pennsylvania Rules of Civil Procedure requires that all causes of action against a person arising from a single transaction or occurrence be joined in a single action. Pa.R.C.P. 1020(d)(1). However, there is no authority in the Rules of Civil Procedure permitting the joinder of an action at law with an action in equity. *See D'Allessandro v. Wassel,* 526 Pa. 534, 587 A.2d 724 (1991). For this reason, the Commonwealth Court opined that, instead of dismissing the equitable count, the trial should have severed the equitable claim from the complaint, with leave to assert the claim in a separate civil action in equity. Pa.R.C.P. 1501–1550. *Pennrose,* 142 Pa.Commw. at 635–36, 598 A.2d at 110; *see also Husted v. Board of Directors,* 57 Pa.Commw. 520, 427 A.2d 272 (1981) (quashing as interlocutory an appeal from an order which sustained preliminary objections and dismissed a complaint in equity, but which granted plaintiff leave to file the complaint on the law side of the court within twenty days).

Here, although Judge Conway's order technically dismissed Appellant's amended complaint without leave, *Estate of Gasbarini, supra,* the practical effect of his order was to transfer the case from law to equity. *McFarland, supra.* Unlike Rule 1509(c), Judge Conway was not provided with a procedural vehicle with which he could transfer the Appellant's action to the equity side of the court. He, therefore, dismissed the complaint, but, in no uncertain terms, recommended that the Appellant file his complaint with the equity court. Specifically, Judge Conway opined:

> The Court's action is not intended to deny the Plaintiff [Appellant] his day in Court. Rather, it is only intended to

insure that the action filed does not violate any procedural or substantive rules.

It is clear from the tone of Judge Conway's 1925 opinion that had there been a procedural rule allowing him to transfer the case to the equity side of the court, he would have done so. Nonetheless, we find that Judge Conway's dismissal and the subsequent refiling of Appellant's complaint has had the same effect.

The General Assembly, by Act of June 21, 1937, P.L. 1982, as amended, 17 P.S. § 61 *et seq.* (repealed), vested in the Supreme Court of Pennsylvania the power to prescribe by general rule the practice and procedure in civil actions for the courts of common pleas. Pursuant to such rule making power, we implore the Supreme Court and the Civil Procedure Rules Committee to amend Rule 1028 or promulgate a new rule that would empower a trial judge sitting at law, upon proper objection, to certify an action to the equity side of the court.

The decision reached in this case is also consistent with recently amended Rule 341 of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 341 ("A final order is any order that ... disposes of all claims or of all parties."). Because all of Appellant's claims are presently before the Court of Common Pleas of Wayne County, whether they be labeled at law or in equity, we find that the order appealed from in this case is not final and appealable. Pa.R.A.P. 341; *Pennrose, supra; Husted, supra.*

Appeal quashed.

TAMILIA, J., concurs in the result.