709 A.2d 379

**TOWN OF McCANDLESS, a Municipal Corporation, Appellant,**

**v.**

**Dom BELLISARIO, d/b/a Bellisario's Restaurant, Appellee.**

Supreme Court of Pennsylvania.

Argued March 5, 1997.

Decided March 9, 1998.

J. Howard Wimsley, Robert A. Wilson, Pittsburgh, for Town of McCandless.

Samuel Pasquarelli, Pittsburgh, for Dom Bellisario.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION

ZAPPALA, Justice.

This is an appeal from an order of the Commonwealth Court which reversed an order of the Allegheny County Court of Common Pleas quashing an appeal from the decision of a District Justice. For the reasons that follow, we reverse.

On May 18, 1994, Appellant, the Town of McCandless, filed a civil complaint against Appellee, the operator of a restaurant within the Town's boundaries, alleging a violation of Section 1345.07 of the Town of McCandless Codified Ordinances.[1] The complaint was filed in accordance with Section 10617.2 of the Pennsylvania Municipalities Planning Code (Code).[2] Section 10617.2 provides in pertinent part:

Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any

---

1. The Town alleged that Appellee violated Section 1345.07 (Failure to abide by occupancy permit terms) when he revised and altered the approved site plan for his restaurant by installing a parking lot on that portion of the site required to be a "buffer area," without applying for a modification or revision of the site plan.

2. Act of July 31, 1968, P.L. 805, No. 247, art. VI, § 617.2, added December 21, 1988, P.L. 1329, No. 170, § 62, 53 P.S. § 10617.2.

zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof.

53 P.S. § 10617.2(a).[3]

At the conclusion of a hearing before a District Justice, judgment was entered in favor of the Town for $500 plus court costs. Appellee sought an appeal with the Allegheny County Court of Common Pleas and the case was given a civil action number. In response, the Town filed a civil complaint with the common pleas court, and thereafter filed a motion to change venue from the common pleas court's arbitration docket to its statutory appeals docket. The court granted the motion to change venue and further ordered that Appellee file a summary conviction appeal form.

The matter was presented to the Statutory Appeals Judge of the court of common pleas on January 31, 1995. Appellee moved for a summary grant of his appeal, asserting that the Town should have filed a criminal complaint or citation, rather than a civil complaint, when it charged him with a violation of a municipal ordinance. The court quashed the appeal on the grounds that jurisdiction was lacking.[4]

On appeal, Commonwealth Court agreed with Appellee that pursuant to *City of Philadelphia v. Pennrose Management Co.*, 142 Pa.Cmwlth. 627, 598 A.2d 105 (1991), *alloc. denied*, 530 Pa. 661, 609 A.2d 169 (1992), and *Commonwealth v. Harchelroad*, 154 Pa.Cmwlth. 259, 623 A.2d 878, *alloc. denied*, 535 Pa. 649, 633 A.2d 153 (1993), zoning enforcement proceed-

---

**3.** The Town's enforcement ordinance, Section 1351.99 of the Town of McCandless Codified Ordinances, mirrors Section 10617.2 of the Code.

**4.** In the opinion in support of its order, common pleas court stated:
Because of the initial oversight of the Town of McCandless [the initiation of a civil complaint rather than a summary proceeding] and despite the recited Order purporting to transfer this case to the Statutory Appeals Division of the Court of Common Pleas, we lack jurisdiction to hear the appeal at this time.
(Slip Op. at 1).

ings, though civil in nature, are governed by the Pennsylvania Rules of Criminal Procedure. Therefore, Commonwealth Court held that the Town's initiation of the action by civil complaint constituted a violation of Pa.R.Crim.P. 51.[5] Commonwealth Court reversed the order of the common pleas court and remanded the matter to the common pleas court to conduct a hearing on Appellee's claims and to issue appropriate relief. Commonwealth Court denied the Town's subsequent petition for reargument. This appeal followed.

In *Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981), this Court held that proceedings charging violations of a municipal ordinance *which provides for imprisonment upon conviction or failure to a pay a fine or penalty* are criminal proceedings governed by the Pennsylvania Rules of Criminal Procedure. We reasoned:

> The Pennsylvania Rules of Criminal Procedure define "criminal proceedings" as including "all actions for the enforcement of the Penal Laws." Pa.R.Crim.Pro. 3(g). The Penal Laws include "any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." Pa.R.Crim.Pro. 3(1). An ordinance is a "legislative enactment of a political subdivision." Pa.R.Crim.Pro. 3(k). These definitions ... remove any doubt as to the nature of the instant proceedings—they are criminal proceedings.

493 Pa. at 391, 426 A.2d at 605. We reaffirmed this holding in *In re Investigating Grand Jury,* 496 Pa. 452, 437 A.2d 1128 (1981).

In *Pennrose,* Commonwealth Court followed our *Borough of West Chester* and *In re Investigating Grand Jury* holdings, stating:

**5.** Rule 51 provides:

> Criminal proceedings in summary cases shall be instituted either by:
> (a) issuing a citation to the defendant; or
> (b) filing a citation; or
> (c) filing a complaint; or
> (d) arresting without a warrant when arrest is specifically authorized by law.

Pa.R.Crim.P. 51.

Although the Supreme Court held that a civil enforcement action may not be characterized as a prosecution of a crime, a person who violates an ordinance which provides for imprisonment upon conviction or failure to pay a fine or penalty is entitled to the same protections afforded in criminal proceedings.

598 A.2d at 109. Because the ordinance at issue in *Pennrose* provided for imprisonment for failure to pay the applicable fine within ninety days, Commonwealth Court correctly held that the Rules of Criminal Procedure applied. However, Commonwealth Court went on in *Pennrose* to state imprecisely that:

The law as presently constituted holds that violation of a municipal ordinance is not a crime; however, the enforcement of such ordinances must follow the Pennsylvania Rules of Criminal Procedure. Criminal proceedings in summary cases are to be brought under the provisions of Chapter 50 of the rules.

*Id.*[6]

While the enforcement of municipal ordinances *that provide for imprisonment upon conviction or failure to pay a fine or penalty* must follow the Rules of Criminal Procedure, the same is not true for municipal ordinances *that do not provide for imprisonment upon conviction or failure to pay a fine or penalty*, which, by definition, are not Penal Laws, and are therefore not included in the definition of "criminal proceedings." Pa.R.Crim.P. 3. The higher degree of protection provided by the Rules of Criminal Procedure does not apply to municipal ordinance enforcement actions where imprisonment is not a remedy for a conviction or failure to pay a fine.

**6.** Similarly, Commonwealth Court stated in *Harchelroad* that:

[A]lthough prosecutions under municipal ordinances are civil, not criminal actions, *Philadelphia v. Home Agency, Inc.,* 4 Pa.Commonwealth Ct. 174, 285 A.2d 196 (1971), the Rules of Criminal Procedure govern these summary actions, *City of Philadelphia v. Pennrose Management Company,* 142 Pa.Commonwealth Ct. 627, 598 A.2d 105 (1991), *appeal denied,* 530 Pa. 661, 609 A.2d 169 (1992), . . . .

623 A.2d at 879 n. 1.

Turning to the instant case, the complaint filed against Appellee was filed in accordance with Section 10617.2 of the Code. As Section 10617.2 merely provides for issuance of a fine upon conviction, and does not provide for imprisonment upon conviction or failure to pay a fine, the Town's initiation of a civil complaint against Appellee was entirely proper. However, on appeal to common pleas court, the Statutory Appeals Judge quashed the appeal based on the erroneous conclusion that jurisdiction was lacking because the Town should have initiated a summary proceeding rather than a civil complaint.[7]

Accordingly, the Order of the Commonwealth Court is reversed and the matter is remanded to the court of common pleas for consideration of Appellee's appeal as an appeal from a decision of a District Justice, entered in a civil proceeding to enforce a zoning ordinance.

NEWMAN, J., did not participate in the decision of this case.

7. The common pleas court clearly has jurisdiction of appeals from judgments entered by a District Justice. 42 Pa.C.S. § 932 provides:
  § 932. Appeals from minor judiciary.
  Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district.