J-A01027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DARLENE ROSS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| COUSIN'S SUPERMARKETS, INC. | : | No. 883 EDA 2019 |

Appeal from the Order Entered January 22, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 161203249

BEFORE: NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 31, 2019**

Darlene Ross (Appellant) appeals from the order sustaining the preliminary objections of Appellee, Cousin's Supermarkets, Inc. (Cousin's), and dismissing Appellant's complaint. Upon review, we quash.

The trial court summarized the procedural history as follows:

> Appellant initiated this matter by filing a Writ of Summons against [Cousin's] on December 29, 2016. Appellant served the Summons on [Cousin's] on January 27, 2017. Appellant filed the Complaint on June 26, 2017. Arbitration was scheduled for September 27, 2017. Both parties failed to appear at the Arbitration hearing. The Court entered a Judgment of Non Pros on October 12, 2017. Appellant filed a Petition to Open Judgment on October 26, 2017. The Court granted Appellant's Petition on December 28, 2017. [Cousin's] filed Preliminary Objections to Appellant's Complaint on October 24, 2018. In their Preliminary Objections, [Cousin's] alleged "No attempts have been made since the filing of the Complaint on June 26, 2017 to serve the Complaint on Defendant." On November 13, 2018, Appellant filed

---

[*] Retired Senior Judge assigned to the Superior Court.

an Answer to [Cousin's] Preliminary Objections. That same day, Appellant also filed a Certificate of Service of the Complaint, 504 days after the Complaint itself had been filed. On January 22, 2019, this Court sustained [Cousin's] Preliminary Objections and dismissed Appellant's Complaint.

On February 20, 2019, Appellant filed a Notice of Appeal from this Court's January 22, 2019 Order. On February 25, 2019, this Court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days. Appellant filed a timely Concise Statement of Matters on March 7, 2019.

Trial Court Opinion, 6/26/19, at 1-2.

On appeal, Appellant presents two issues for our review:

1. Does the Court commit Error of Law and Abuse its Discretion when it dismisses the Complaint for failure to properly serve the Complaint in violation of Rule 401(a)(Original Process) when the Summons had been properly served months before?

2. Was there any competent evidence that the Court could rely upon for the finding that the Complaint was not served, especially in light of the prior Court filings that stated that the Complaint was served in June 2017?

Appellant's Brief at 4.

We recognize that with regard to the grant of preliminary objections:

Our standard of review of a trial court's order granting preliminary objections is well settled.

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

***Shafer Elec. & Const. v. Mantia***, 67 A.3d 8, 10 (Pa. Super. 2013), ***aff'd on***

***other grounds***, 96 A.3d 989 (Pa. 2014).

Appellant claims the trial court "set forth a litany of why the Certification of Service failed to establish service under Rule 401(a). The Court's misstatement of the law, and the dismissal based upon the error constitutes an Error of Law and an Abuse of Discretion that justifies reversal of the Order." Appellant's Brief at 9.

However, in response, Cousin's argues that this Court lacks jurisdiction because the trial court's order was not issued "with prejudice", and "clearly states that it 'found that Appellant failed to properly serve the Complaint and properly sustained [Cousin's] Preliminary Objections.'" Cousin's Brief at 1-2. Cousin's cites the trial court's statements that it did not make any findings regarding the service of the summons or the statute of limitations. *Id.* at 2. For these reasons, Cousin's asserts that Appellant "has the ability to cure any defects relating to service of the Complaint [and] the ability to proceed with her claims once her Complaint has been properly served," and this Court should "deny the appeal for lack of jurisdiction." *Id.* We agree.

"[T]he question of appealability implicates the jurisdiction of our court." *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa. Super. 2004) (quoting *In re Estate of Israel*, 645 A.2d 1333, 1336 (Pa. Super. 1994)). "An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.[] § 702(b)); or (4) a collateral order

(Pa.R.A.P. 313)." ***Bloome v. Alan***, 154 A.3d 1271, 1273 (Pa. Super. 2017).

Appellant asserts that this Court has jurisdiction because the trial court's order was a "final Order of the Court of Common Pleas pursuant to 42 Pa. C.S. § 742." Appellant's Brief at 1.[1] Rule 742 reads:

> The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

42 Pa. C.S.A. § 742.

> We recognize:
>
> Generally, an order sustaining preliminary objections and dismissing a complaint is a final order. . . . **To determine whether an order is final, however, the court must look beyond the technical effects of the adjudication to its practical ramifications**.

***Lustig v. Lustig***, 652 A.2d 393, 394 (Pa. Super. 1995) (citations omitted) (emphasis added). The order from which Appellant appeals states:

> AND NOW, this 22nd day of January, 2019, upon consideration of Defendant's, Cousin's Supermarkets Inc., Preliminary Objections to [Appellant's] Complaint, and any response by [Appellant] hereto, it is hereby ORDERED and DECREED that Defendant's Preliminary Objections are SUSTAINED and [Appellant's] Complaint is DISMISSED.
>
> BY THE COURT:
>
> _____
> J.

---

[1] The interlocutory as of right, interlocutory by permission, and collateral order exceptions are not applicable and Appellant does not cite any other rule or statute that would render the order appealable.

Order, 1/22/19.

From the order's language, and "looking beyond the technical effects of the adjudication to its practical ramifications," we find that the trial court's order is not final. **Lustig**, **supra**. The order does not indicate that Appellant's complaint was dismissed with prejudice. "For finality to occur, the trial court **must dismiss with prejudice** the complaint in full." **Mier v. Stewart**, 683 A.2d 930, 933 (Pa. Super. 1996) (emphasis added). **See also Waddell v. Trostel**, 485 A.2d 1208, 1209 (Pa. Super. 1984) (holding that order dismissing complaint without prejudice did not put appellant out of court and thus was not final and appealable). Although the trial court did not expressly state that it was dismissing the complaint without prejudice, the lack of such language serves as an implicit grant of leave for Appellant to perfect service of the complaint.[2]

Accordingly, as Appellant has appealed from a non-final order, we quash the appeal for lack of jurisdiction.

Appeal quashed. Case stricken from the argument list. Jurisdiction relinquished.

Judge Nichols and Judge Colins concur in the result.

---

[2] Cousin's concedes this fact. **See** Cousin's Brief at 14 ("Appellant has the ability to cure the defects relating to her lack of service of the Complaint . . . by reinstating or refiling her Complaint").

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/31/19</u>