J-S03003-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: KATHLEEN H. DELL'AQUILA, | : | IN THE SUPERIOR COURT OF |
| AN INCAPACITATED PERSON | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: ALZHEIMER'S | : | |
| FOUNDATION OF AMERICA, INC. | : | |
| AND DAVID H. DELL'AQUILA, AS THE | : | |
| EXECUTOR OF THE ESTATE OF | : | |
| LOUIS DELL'AQUILA | : | No. 173 WDA 2019 |

Appeal from the Order Entered January 9, 2019
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): 5073 of 2017

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: FILED MAY 27, 2020

This case is an appeal from an order of the Orphans' Court directing the clerk of the civil division to transfer a civil action to the Orphans' Court, and ordering the Orphans' Court clerk to dismiss the civil case. We quash the appeal as interlocutory.

In September 2017, the Orphans' Court found Kathleen H. Dell'Aquila ("Kathleen") to be an incapacitated person and appointed her daughter Lillian Cannon as emergency plenary guardian ("Guardian"). Kathleen has Alzheimer's disease.[1] The order also prevented the sale or disposition of Kathleen's assets, including property in which she had a marital interest:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] See Appellants' Br., Ex. B., In re Estate of Louis Dell'Aquila, No. 17P1725, slip op. at 2 (Tenn. Ct. Apps. filed 1/25/2019).

> There shall be no sale or disposition by any person or entity of Kathleen H. Dell'Aquila's assets, real estate, and/or personality including but not limited to property in which Kathleen H. Dell'Aquila holds a title interest or a marital interest (as defined by the Pennsylvania Divorce Code). . . .

Order, 9/7/17.

Around the same time, Kathleen's husband, Louis Dell'Aquila ("Louis"), changed the beneficiary designation of a $105,000 life insurance policy to give the Alzheimer's Foundation of America, Inc., ("Alzheimer's Foundation") two-thirds of the proceeds, or $69,500.[2] The sole beneficiary of the insurance policy had been Kathleen. Under the change, she would now receive one-third. Louis died a few weeks after effecting the change, on October 2, 2017.

Since then, Guardian and the executor of Louis's estate, his son David Dell'Aquila ("David"), who is Kathleen's stepson, have engaged in litigation in Orphans' Court over the insurance proceeds. Guardian filed a motion in Orphans' Court in May 2018, seeking to enforce the order barring sale or disposition of Kathleen's assets, and asking the court to declare the change of beneficiary designation void. The trial court granted the motion in June 2018 and ordered that the proceeds of the life insurance policy be paid to Guardian. David moved to vacate the order due to lack of service and a motion for sanctions on behalf of Louis's estate. In September 2018, the trial court denied the motion, finding the designation was void as a matter of law and David lacked standing to contest the validity of the designation.

_____

[2] See Letter dated Nov. 13, 2018, from counsel for the Alzheimer's Foundation to counsel for Kathleen, Ex. A. to Appellee's Motion to Quash Appellant's Appeal for Want of Appellate Jurisdiction.

David's counsel then sent Guardian a letter in November 2018 stating that he represented the Alzheimer's Association in connection with the life insurance policy. The letter demanded that Guardian pay the Alzheimer's Foundation the $69,500 it claimed it was owed, and stated that if Guardian failed to do so, the Alzheimer's Foundation would "resolve this matter in the courts."

Guardian returned to the Orphans' Court for relief. She moved to enjoin David's counsel from further action "in connection with this guardianship." She contended that counsel's representation of both David and the Alzheimer's Foundation constituted a non-waiveable conflict of interest and that the Alzheimer's Foundation was collaterally estopped from challenging the beneficiary designation. Following argument, the Orphans' Court entered an order in November 2018 allowing 45 days for discovery and directing the parties to file further briefs on the motion. To date, the court has not ruled on the motion to enjoin.

Approximately two weeks later, the Alzheimer's Foundation, represented by David's Orphans' Court attorney, filed the Complaint instituting the civil action. The Complaint claimed conversion of the insurance proceeds and named two defendants: Guardian, both in her individual capacity and as Kathleen's guardian, and Guardian's counsel in the Orphans' Court litigation. Guardian and her counsel moved in civil court to transfer the civil action to Orphans' Court. The Alzheimer's Foundation did not oppose the motion. Appellants' Br. at 14. The civil division granted the transfer.

In the meanwhile, in Orphans' Court, David filed a motion to quash a subpoena that Guardian had served on the Alzheimer's Foundation. David maintained that no lawyer had entered an appearance in the Orphans' Court matter on behalf of the Alzheimer's Foundation. He pointed out that rather than doing so, the Alzheimer's Foundation had filed the separate civil action. The Orphans' Court denied the motion, but directed the transfer and dismissal of the civil action. Order, filed Jan. 9, 2019. The order the court signed was drafted by Guardian; the court had crossed out Guardian's proposed language enjoining David's counsel from pursuing further action against Appellees on behalf of the Alzheimer's Foundation or David.

Appellants, David and the Alzheimer's Foundation, filed this appeal. The trial court explained in its Pa.R.A.P. 1925(a) opinion that the transfer and dismissal of the civil action occurred because the two matters were "so similar and so intertwined that one judge should handle both . . . ." Orphans' Court Opinion, filed Aug. 29, 2019, at 3-4. The court further pointed out that the civil action "involve[d] all of the same issues and nuances" as those already at issue in the Orphans' Court litigation, and "the parties were engaged in the discovery process on those very issues . . . ." Id.

We do not address the issues Appellants seek to raise in this appeal because we do not have jurisdiction over this appeal. Appellants claim that our jurisdiction is proper because the order at issue – the order dismissing the civil complaint – was a final order. Appellants' Br. at 1. They maintain it was final because the dismissal was not explicitly without prejudice, and the

Guardian's counsel intended that the dismissal put the Alzheimer's Foundation out of Court. Appellants' Response to Motion of Lillian Cannon to Quash Appeal at 7.

Orphans' court orders are appealable, in addition to certain categories not at issue here, if they are final orders. See Pa.R.A.P. 341, 342(a)(8). A final order is one that "disposes of all claims and of all parties . . . ." Pa.R.A.P. 341(b)(1). To determine whether an order is final, we "look beyond the technical effects of the adjudication to its practical ramifications." Lustig v. Lustig, 652 A.2d 393, 394 (Pa.Super. 1995).[3] An order dismissing a complaint without prejudice is not final. Mier v. Stewart, 683 A.2d 930, 930 (Pa.Super. 1996) ("[f]or finality to occur, the trial court must dismiss with prejudice the complaint in full").

We find guidance in our decision in Lustig. There, the trial court dismissed an action with the recommendation that the plaintiff file the case in the equity division, and the plaintiff, in fact, filed suit in the equity division. 652 A.2d at 394. We concluded that the order was not final because, consistent with Rule 341, the order did not dispose of all claims and all parties. Although the order dismissed the claim at law and did not explicitly do so without prejudice, we explained that such was its practical effect, as the intent

_____

[3] See also Ross v. Cousin's Supermarkets, Inc., No. 883 EDA 2019, 2019 WL 7372738, at *2 (Pa.Super. Dec. 31, 2019) (unpub. mem.); U.S. Bank N.A. v. Manu, 207 A.3d 415, 421 (Pa.Cmwlth. 2019), appeal denied, 223 A.3d 246 (Pa. 2020).

was simply to move all claims into the equity division. Lustig, 352 A.2d at 395.

Similarly, here, although the court did not state that the complaint was dismissed without prejudice, such a disposition is implied in the order. That is the implication of the Orphans' Court's statement that it dismissed the civil action because "the same issues and nuances" were already at issue in the Orphans' Court litigation. See Gutman v. Giordano, 557 A.2d 782, 784 (Pa.Super. 1989) (concluding that order was "without prejudice" even though order did not explicitly include those words, where trial court did not treat it as "with prejudice"). The Orphans' Court's characterization of the two cases as involving the "same issues and nuances" is apt, as the point of both the conversion claims and the Orphans' Court litigation is to determine the rightful entitlement to the insurance proceeds. As we conclude that the dismissal was in effect without prejudice, the order was not final. See Mier, 683 A.2d at 930.

Furthermore, the order did not dispose of all claims and all parties. Although the court did not formally consolidate the two cases, the practical effect was to put the "issues and nuances" before a single judge in the Orphans' Court. Appellants in effect have conceded the consolidation by captions of both cases on their brief, and by including the Alzheimer's Foundation as an appellant in the appeal of the Orphans' Court order. Because the court has not yet ruled on the motion to enjoin counsel from further action in regards to the guardianship matter. There are thus still claims and parties

pending below, and the order on appeal is not final. We therefore must quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2020