573 A.2d 662

**MUNCY CREEK TOWNSHIP CITIZENS COMMITTEE, Appellant**

v.

**Robert SHIPMAN and David Rupert, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1989.

Decided April 20, 1990.

Douglas N. Engelman, Roesgen, Larrabee & Engelman, Williamsport, for appellant.

Richard A. Gahr, Gahr & Sholder, Williamsport, for appellees.

Before DOYLE, COLINS and PALLADINO, JJ.

COLINS, Judge.

Muncy Creek Township Citizens Committee (appellant) appeals an order of the Court of Common Pleas of Lycom-

ing County which sustained the preliminary objections of Robert Shipman and David Rupert (appellees) and dismissed the appellant's complaint seeking to remove appellees from office.

Appellant filed a complaint on March 14, 1988, pursuant to Section 503 of The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65503, seeking to remove the appellees as supervisors of Muncy Creek Township for failure to perform their elected duties. Appellees' preliminary objections in the nature of a demurrer and a motion to dismiss for lack of capacity to sue were sustained on July 28, 1988. An amended complaint was filed on August 3, 1988. The appellees filed the same preliminary objections to the amended complaint on August 26, 1988. The trial court, on December 21, 1988, overruled the preliminary objection relating to the lack of capacity to sue but sustained the preliminary objection in the nature of a demurrer.

Appellant sought removal alleging that the appellees were guilty of wrongful conduct which resulted in the Township losing a sum of nearly $7,000.00. Appellant alleges that the appellees, in violation of the Sunshine Act (Act),[1] held a series of private meetings with attorney, Allen Ertel, and agreed to pay Ertel's bill for legal services he rendered to Shirley Shaner in an unemployment compensation and wrongful discharge matter against the Township. Shirley Shaner was employed as the Township secretary and was dismissed because she had frequent visitors to her office in violation of Township policy.

Appellant further argues that the appellees: never contacted the Township's insurance carrier to see if the Shaner action was covered under the Township's policy; attempted to cover up information Shaner had against appellee Shipman which would "hang him;" and hired Shaner in return for her support in Rupert's election to Township Supervisor. The appellant maintains that the trial court erred in finding

1. Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286.

that the facts contained in its amended complaint were not sufficient to establish a cause of action upon which relief could be granted. The appellant asks this Court to reverse the decision of the trial court and allow this matter to proceed to trial.

■ In an appeal from a common pleas order sustaining preliminary objections and dismissing a complaint, our scope of review is to determine whether an error of law was committed, or an abuse of discretion occurred. *Rok v. Flaherty*, 106 Pa.Commonwealth Ct. 570, 527 A.2d 211 (1987).

■ In order to sustain such a preliminary objection, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain it. *Bickert v. Borough of Riverside*, 118 Pa.Commonwealth Ct. 91, 545 A.2d 962 (1988). Furthermore, preliminary objections challenging the sufficiency of a pleading admit all well-pled facts and reasonable inferences therefrom. *Reider v. Bureau of Correction*, 93 Pa.Commonwealth Ct. 326, 502 A.2d 272 (1985).

Section 503 of the Code states:

If any township officer refuses or neglects to perform his duties, the court of quarter sessions, upon complaint in writing by five percentum of the registered electors of the township, may issue a rule upon such officer to show cause why his office should not be declared vacant and another appointed in his stead. Such rule shall be made returnable not less than two weeks from its date of issue. Upon hearing, and proof that the facts alleged in the complaint are true, the court may declare the office vacant and appoint another in his stead, to hold office during the term of the officer deposed, or to make such other order as to the court may seem just and proper.

53 P.S. § 65503.

■ Appellant maintains that the appellees, by secretively agreeing to pay $7,000.00 to settle the wrongful dis-

charge case, satisfy the standard for removal enunciated by the Supreme Court in *Foltz Appeal*, 370 Pa. 567, 88 A.2d 871 (1952). Under *Foltz*, a second class county public official can be removed from office "upon showing of a perverseness which amounts to criminality or culpable indifference to their official duties.... This does not mean, however, that they should be threatened with dismissal for honest errors in judgment or for mistakes in administration not occasioned by cupidity or pathological sloth." *Id.* at 570, 88 A.2d at 873.

Conversely, appellees argue that applying the standard in Section 503 of the Code and *Foltz* leads to the inevitable conclusion that there has been no showing of neglect or refusal to perform duties; no perverseness which amounts to criminality or culpable indifference.

Appellees made the decision to pay Shaner's legal fees at a public meeting with the belief that it would be more beneficial to the Township to settle this matter than take the chance of receiving an adverse decision in a court of law. Furthermore, Section 511 of the Code, 53 P.S. § 65511, authorizes the Township officials to hire a secretary. The hiring of Ms. Shaner was an exercise of this discretion and the amount of her salary was within the amount budgeted for that position.

As for the allegation that the secret meeting in Attorney Allen Ertel's office was a violation of the Act, appellees argue that there was not a quorum of the supervisors present at this meeting. Allen Ertel and the appellees were present at this meeting, and appellee Rupert was only a councilman-elect at this time. There was not a quorum of the three supervisors present, thus, no requirement that their discussions take place at a meeting open to the public. While it is true that the appellant did not file this action within 30 days of the meetings allegedly held in violation of Section 13 of the Act, 65 P.S. § 283, this is of no moment to the disposition of this case. The appellant was not proceeding under the Act, but was seeking to remove the appellees from office under the Code.

The trial court found it was poor judgment on the part of the appellees to approve Shaner's terms of employment. However, such judgment does not rise to the level of criminality required in *Foltz*. We agree that the appellees' failure to notify the Township solicitor or insurance carrier was not a prudent course of action. Nevertheless, accepting as true all well-pled facts in the complaint, the appellees' conduct does not justify discharge under *Foltz*. The appellees' activities may have been ill-advised, but many elected officials have made ill-advised decisions. The proper remedy to remove these officials would be through the ballot box and not the judicial process. Insofar as the conduct of the appellees does not amount to criminality or culpable indifference, we affirm the order of the trial court.

## ORDER

AND NOW, this 20th day of April, 1990, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is affirmed.