587 A.2d 724

**Samuel D'ALLESSANDRO and Carolyn D'Allessandro, his wife, and Mark Vultaggio, co-partners t/a C.M.S. Enterprises, Appellants,**

**v.**

**Robert WASSEL and Loretta B. Wassel, his wife, Appellees.**

Supreme Court of Pennsylvania.

Argued Jan. 18, 1991.

Decided March 20, 1991.

George W. Westervelt, Jr. and John C. Prevoznik, Stroudsburg, for appellants.

Jane Roach, Stroudsburg, for appellees.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This case raises the question of whether an action for fraud and misrepresentation is waived when it is not joined in an equity action for specific performance of a contract for the sale of land.

On April 8, 1987, Mark Vultaggio, as a partner in C.M.S. Enterprises ("Buyers"), entered into a written agreement of sale with Robert Wassel for real property located in Paradise Township, Monroe County, Pennsylvania. Although the property in question was owned by Robert Wassel and Loretta B. Wassel ("Sellers") as tenants by the entireties, Mrs. Wassel was not a party to the written agreement. Mr. Vultaggio tendered $2,000 as a down payment at the time of executing the contract. Subsequently, he tendered an additional $5,000. Mrs. Wassel deposited both these sums into the Wassel's business account. When the Wassels refused to participate in a closing scheduled for July 3, 1987, Vultaggio et al. brought an action for specific performance. The Court of Common Pleas of Monroe County granted Wassels' motion for summary judgment and entered judgment in favor of the Wassels and against the D'Alessandros, Mark Vultaggio, and C.M.S. Enterprises on the ground that the transaction was barred by the Statute of Frauds. Subsequently, the chancery court amended its order to enter judgment for $7,000, the amount of the down payment, in favor of the buyers. On appeal Superior Court affirmed the lower court.

Thereafter, Buyers brought a second action for fraud and misrepresentation. The trial court entered summary judgment against Buyers and in favor of Sellers on the grounds of collateral estoppel and res judicata. Buyers took a timely appeal, and on May 1, 1990, Superior Court once again affirmed the lower court. Superior Court's rationale was that the action was barred by Pa.R.C.P. 1020, which, according to Superior Court, required Buyer to join all causes of action arising from the same transaction in one action.[1] Since Buyer failed to do this, it waived the claim that was not joined. Buyer thereafter petitioned for allowance of appeal and this court granted allocatur to address

---

1. Superior Court cited its decisions in *Jones v. Keystone Insurance Co.*, 364 Pa.Super 318, 528 A.2d 177 (1987) and *Epstein v. State Farm Insurance Co.*, 312 Pa.Super 542, 459 A.2d 354 (1983) in support of this conclusion. These cases, however, concern actions in tort and contract, not equity, and are, therefore, inapplicable.

the question of whether Buyers' second action was barred because it was not joined with the first.

Rule 1020, upon which Superior Court relied, provides in pertinent part:

(a) The plaintiff may state in the complaint more than one cause of action against the same defendant *heretofore asserted in assumpsit or trespass*. Each cause of action and any special damage related thereto shall be stated in a separate count containing demand for relief.

\* \* \* \* \* \*

(d)(1) If a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person.

### NOTE

Subdivision (d)(1) requires the joinder of related causes of action. The joinder of unrelated causes of action is permissive. See Subdivision (a)....

\* \* \* \* \* \*

(4) Failure to join a cause of action as required by subdivision (d)(1) of this Rule shall be deemed a waiver of that cause of action as against all parties to the action.

Pa.R.C.P. 1020 (Emphasis added).

■ By its terms, this rule tells us nothing about actions in equity: it refers to actions heretofore brought in assumpsit or trespass. Rule 1020(d)(1) tells us that if a transaction gives rise to more than one cause of action against the same person, those actions shall be joined as separate counts in one action. Since rule 1020(a) has already set the parameters on actions which may be joined as former assumpsit or trespass actions, 1020(d)(1) must be understood to mean that actions which *must* be joined are actions in the nature

of trespass or assumpsit arising from the same transaction against the same person.[2]

 The equity rules provide that except as otherwise stated in the rules governing actions in equity, rules relating to a civil action shall apply. Rule 1501. Rule 1020, therefore, applies to actions in equity unless it is contradicted by an equity rule. The only equity rule relating to the joinder of causes of action is 1508, which provides:

> The plaintiff may state in his complaint two or more causes of action cognizable in equity.

Since this case does not involve two causes of action arising in equity, joinder is not treated by the equity rules and the case is governed by Rule 1020, which does not require joinder of any actions arising from the same transaction against the same person except actions in the nature of assumpsit and trespass.

Under the rules, therefore, Buyer was free to bring his equity action and his law action separately.

Order of Superior Court is reversed. The case is remanded for trial on the fraud-misrepresentation complaint.

LARSEN, J., did not participate in the consideration or decision of this matter.

---

2. This is confirmed by the note to Rule 1020(d)(1), which refers to subdivision (a) in distinguishing the meaning of (d)(1) from (a). The sense of the note is that 1020(a) allows *permissive* joinder of *unrelated* causes of action, whereas 1020(d)(1) *requires* joinder of *related* causes of action. The term "causes of action" is used in discussing both rules, and subdivision (a) is cited to clarify the meaning of this term. Since subdivision (a) concerns causes of action heretofore asserted in assumpsit or trespass, the term "cause of action" refers to actions heretofore brought in assumpsit and trespass. Both 1020(a) and 1020(d)(1), therefore, concern causes of action sounding in assumpsit and trespass, not equity.