604 A.2d 1130

Stacey B. HUTCHINS, Appellant,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA STATE POLICE HARRISBURG et al., Appellees.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 17, 1992.

Decided Feb. 21, 1992.

Stacey B. Hutchins, pro se.

Donna J. McClelland, Deputy Atty. Gen., for appellees.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Stacey B. Hutchins (Appellant) appeals from an order of the Court of Common Pleas of Washington County sustaining Appellees' preliminary objections to Appellant's counterclaim. We affirm.

On April 29, 1991, a district justice found Appellant guilty of a summary offense motor vehicle violation. Appellant filed an appeal to the Court of Common Pleas of Washington County docketed in its criminal division at No. 858 of 1991. Under the docket number of this summary appeal, Appellant also filed a "Counter Claim in Civil Action." In this document, Appellant alleges both state and federal claims of due process violations, false arrest, and malicious prosecution and abuse of process. He served this document upon the Appellees via United States mail. Appellees filed preliminary objections based upon improper service of

process and jurisdiction, misjoinder of a cause of action, sovereign immunity, and failure to state a claim under 42 U.S.C. § 1983. Common pleas sustained the objections. Appellant now appeals to this Court.[1]

■ Common pleas' order sustaining Appellees' preliminary objections was not accompanied by an opinion. However, the order does state that "Appellant's counterclaim was not in conjunction with the criminal action." We agree.

Appellant's "counterclaim" sets forth a cause of action in trespass, which is a *civil action* governed by the Pennsylvania Rules of Civil Procedure. Appellant's appeal from his summary conviction requests a *de novo* review of his conviction for a summary *criminal* offense. The summary appeal is governed by the Pennsylvania Rules of Criminal Procedure. *See* Pa.R.Crim.P. 86.

A civil trespass action and a summary appeal from a criminal conviction have no relationship in law or fact. The civil action seeks damages and would permit a jury trial. The appeal from the summary conviction is a *de novo* review of criminal complaint and permits a non-jury trial.

■ In *City of Philadelphia v. Pennrose Management Co.*, 142 Pa.Commonwealth Ct. 627, 598 A.2d 105 (1991), the City's complaint contained both civil and criminal counts. The defendant filed preliminary objections to the complaint, one which moved to strike count V because it constituted misjoinder of a criminal matter in a civil case. The trial court sustained the objection and we affirmed. *See* Pa. R.Crim.P. 86(f). Furthermore, there is also no requirement in the Rules of Civil Procedure to join even civil actions of law with civil actions in equity. *See D'Allesandro v. Wassel*, 526 Pa. 534, 587 A.2d 724 (1991).

1. In an appeal from a common pleas order sustaining preliminary objections, our scope of review is limited to determining whether common pleas abused its discretion or committed an error of law. *Muncy Creek Township Citizens Committee v. Shipman*, 132 Pa.Commonwealth Ct. 543, 573 A.2d 662 (1990).

638

Because a civil action cannot be joined to a criminal appeal, common pleas properly sustained Appellees' preliminary objections.

Accordingly, we affirm.

## ORDER

AND NOW, this 21st day of February, 1992, the order of the Court of Common Pleas of Washington County in the above-captioned matter is affirmed.