**Debra TALLADA, Appellant,**

v.

**EAST STROUDSBURG UNIVERSITY OF PENNSYLVANIA OF the STATE SYSTEM OF HIGHER EDUCATION, the State System of Higher Education, and the State Board of Education.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 1998.

Decided Feb. 10, 1999.

Philip D. Lauer, Easton, for appellant.

William A. Slotter, Allentown, for appellee.

Before COLINS, President Judge, and KELLEY, J., and McCLOSKEY, Senior Judge.

KELLEY, Judge.

Debra Tallada appeals from a final order of the Court of Common Pleas of Monroe County (trial court) which sustained the preliminary objections filed by East Stroudsburg University of Pennsylvania of The State System of Higher Education, The State System of Higher Education and The State Board of Education (collectively appellees) and dismissed Tallada's complaint.

On December 30, 1997, Tallada filed suit against appellees seeking damages for personal injuries she incurred as a result of a slip and fall accident while working in the dining facility of the East Stroudsburg University and in the employ of a private contractor, the Wood Company. The dining facility is owned, operated and controlled by the appellees.

In her complaint, Tallada alleged that her fall was caused by the contents of a kettle leaking onto the floor in her work area. Tallada sought damages for her injuries on the basis that appellees were negligent and that she was a third party beneficiary of the contract between appellees and the Wood Company.

Appellees filed preliminary objections premised on sovereign immunity with respect to the negligence claims and lack of jurisdiction with respect to the contract claims. The parties submitted briefs and the trial court heard oral arguments on March 2, 1998.

The trial court determined that appellees were immune from liability under the doctrine of sovereign immunity[1] on the negligence claim. The trial court specifically rejected the Tallada's claim that the real estate exception[2] to sovereign immunity applied as

1. Section 8521 of the Judicial Code, 42 Pa.C.S. § 8521, provides that the Commonwealth of Pennsylvania, its officials and employees are entitled to sovereign immunity.

2. Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4), provides:

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

* * *

(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and side-

the alleged dangerous condition was *on* the floor of the dining facility, not *of* it. The trial court also rejected Tallada's theory of liability under the personal property exception[3] as Tallada failed to allege any injury in her complaint caused by the care, custody and control of the kettle. With regard to Tallada's contract claim, the trial court determined that even if Tallada was a third party beneficiary of the contract between appellees and the Wood Company, the trial court was without jurisdiction to hear the claim as all claims against the Commonwealth arising out of a breach of contract where the amount in controversy exceeds $300 are reserved for the Board of Claims.[4] By decision dated April 2, 1998, the trial court sustained the preliminary objections filed by appellees and dismissed Tallada's complaint. This appeal followed.[5]

On appeal to this court, Tallada presents the following issues for our review:

1. Should the negligence claims in Tallada's complaint have been dismissed on preliminary objections based upon the doctrine of sovereign immunity?

2. Should the contract claims in Tallada's complaint have been dismissed on preliminary objections based upon a lack of jurisdiction?

We conclude that the trial court thoroughly and correctly analyzed these issues in the comprehensive and well-reasoned opinion of the Honorable Judge Peter J. O'Brien. However, upon determining that Tallada's contract claim fell within the jurisdiction of the Board of Claims, the trial court should have transferred this claim to the Board of Claims pursuant to section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, rather than dismiss. Accordingly, we affirm on the basis of Judge O'Brien's opinion in *Debra Tallada v. East Stroudsburg University of Pennsylvania of The State System of Higher Education, The State System of Higher Education and The State Board of Education* (No. 2758 Civil 1997, filed April 2, 1998) and, in the interest of judicial economy, transfer Tallada's contract claim to the Board of Claims for further proceedings.

*ORDER*

AND NOW, this 10th day of February, 1999, the order of the Court of Common Pleas of Monroe County, dated April 2, 1998, at No. 2758 Civil 1997, sustaining the appellees' preliminary objections based on sovereign immunity and lack of jurisdiction and dismissing Debra Tallada's negligence claim, is affirmed. That portion of the trial court's order dismissing Tallada's contract claim with prejudice is vacated and said claim is transferred to the Board of Claims.

---

walks, including Commonwealth-owned real property.

**3.** Section 8522(b)(3) of the Judicial Code, 42 Pa.C.S. § 8522(b)(3), excepts from sovereign immunity acts involving the "[t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency."

**4.** Section 4 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. § 4651–4.

**5.** When reviewing a trial court order sustaining preliminary objections, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Muncy Creek Township Citizens Committee v. Shipman*, 132 Pa.Cmwlth. 543, 573 A.2d 662 (1990).