**Eline v. Estate of Kurtz**

500

Paul Eline, pro se.
Paul C. Troy, for defendants.

STINE, *J.*, October 29, 2009—Before the court are the defendants' preliminary objections in the nature of demurrer to the plaintiff's complaint. The defendants also filed a "motion to strike the notice to plead by plaintiff in response to preliminary objections", and a "motion to strike the certificate of merit of plaintiff attached to the complaint", which we are considering in conjunction with the preliminary objections. The plaintiff has filed responses to the preliminary objections and the motions.

It is difficult for this court to determine exactly what causes of action the plaintiff is attempting to allege against the defendants. However, after reviewing the plaintiffs 23-page complaint, containing 66 paragraphs

of rambling allegations and conclusions, we find that there are three main "theories" of liability alleged against the defendants. First, the plaintiff's complaint attempts to set forth an action for legal malpractice professional liability against the estate of Robert A. Kurtz, Esquire, deceased, with regard to Attorney Kurtz's legal representation of Mr. Eline in a criminal matter. The plaintiff alleges that the court appointed Attorney Kurtz[1] to represent him on August 19, 2005, in connection with the numerous charges of theft by deception and deceptive business practices filed against him. The plaintiff further alleges that he was found guilty of several counts of deceptive business practices because of Attorney Kurtz's severe addiction to alcohol, which plaintiff alleges rendered Attorney Kurtz incompetent to represent him at trial.[2] Specifically, the plaintiff alleges that Attorney Kurtz:

"Maliciously violated the rules of professional conduct 1.1, whereas said rule states that 'a [sic] attorney shall provide competent representation to a client through the legal knowledge, skill, thoroughness and necessary preparation for a client', inwhich [sic] due to Attorney Kurtz's sever [sic] addiction to alcohol, which also cost him his life, completely and with specific intent, violated every constitutional right the plaintiff, Paul Eline is guaranteed under the constitution of the United States and Pennsylvania." (Plaintiff's complaint, ¶39.)

---

1. Attorney Kurtz was the eighth attorney appointed by the court to represent Mr. Eline.

2. We note that Mr. Eline filed an appeal of the guilty verdict in the Superior Court, which affirmed the trial court, and, also, that two Post-Conviction Relief Act petitions were filed and were denied.

Plaintiff further alleges against Attorney Kurtz that:

"[t]hrough the dereliction of duty, sever [sic] alcohol addiction and complete disregard of the plaintiff's constitutional rights, the facts state clearly and with particularity setting forth a cause of action for the intentional ineffectiveness, failure to protect the constitutional rights of the plaintiff and the finding of guilt of an innocent person, said dereliction of duty, complete ineffectiveness and violation of ethical practices, caused the plaintiff tremendous losses, impairment of reputation, standing in the community, personal humiliation, mental anguish, unjust incarceration and the plaintiff's right to freedom." (Plaintiff's complaint, ¶48.)

Secondly, the plaintiff alleges that Regina Kurtz and Karen Krol, who are Attorney Kurtz's mother and sister, knew about Attorney Kurtz's severe alcohol abuse/addiction; that they had a "moral obligation" to inform the courts about his addiction; and that they "intentionally and maliciously" refused to do so. Specifically, the plaintiff alleges that Regina Kurtz and Karen Krol "maliciously and with specific intent, refused to inform the courts that Robert A. Kurtz, Esquire, was incapacitated and incapable to perform the mandatory duties of a lawyer by mental and physical incapacity, through the sever [sic] addiction of alcohol, that cost Robert A. Kurtz, Esquire his life." (Plaintiff's complaint, ¶33.)

Plaintiff also alleges that Regina Kurtz and Karen Krol:

"had the moral obligation to inform the courts and proper authorities of the personal condition, sever [sic] abuse of alcohol, mental disorder and the terminal condi-

tion of hepatic cirrhosis of Attorney Kurtz, there [sic] family member, knowing that his condition will completely destroy his clients [sic] ability to obtain the objectives in the case, inwhich [sic] there [sic] refusal to inform the courts and demand a hearing so as to instruct the courts of Attorney Kurtz's abuse of alcohol and medical condition, in order to determine whether Attorney Kurtz was to be declared incompetent and incapacitated to perform the duties of an attorney, who has intentionally and maliciously committed dereliction of his duties to the courts and his clients." (Plaintiff's complaint, ¶60.)

Plaintiff further alleges that Regina Kurtz and Karen Krol:

"where [sic] well aware of the factors involving the responsibilities and duties of a professional person, with a degree in law, and that any addictions or excessive alcohol consumption would lead to an uncontrollable abuse and sever [sic] addiction which would totally incapacitate the person and deprive the clients of there [sic] constitutional right of the protection and representation of a responsible attorney. These intentional and malicious actions and inactions of defendant's [sic], Regina J. Kurtz, Karen Krol and none [sic] defendant, Regina Huss, severally has damaged the plaintiff, Paul Eline, in which [sic] has caused excessive losses that could have been entirely avoided if the defendant's [sic], Regina J. Kurtz, Karen Krol, including none [sic] defendant, Regina Huss, would have submitted the abuse of alcohol and sever [sic] addiction to the courts and the proper authorities, which in turn [sic] would have prevented the tremendous losses of the plaintiff, Paul Eline, by the courts [sic]

intervention into the abuse of alcohol by the defendant, Robert A. Kurtz, Esquire. Said malicious acts are against all moral standards in life." (Plaintiff's complaint, ¶61.)

Lastly, the plaintiff alleges that the reason Regina Kurtz and Karen Krol refused to notify the courts about Attorney Kurtz's alcohol addiction was because they wanted to gain financially by having Attorney Kurtz transfer legal title to his residential real estate to his parents, Regina and Adam Kurtz, while Attorney Kurtz continued to reside in the house until he died, and then make fraudulent statements on the inheritance tax return filed by the estate by failing to disclose that Attorney Kurtz had a life estate in the property. Specifically, the plaintiff alleges that Regina Kurtz and Karen Krol:

"withheld this critical information from the courts for there [sic] personal gain of the assets of Robert A. Kurtz, Esquire, knowing that Attorney Kurtz [sic] sever [sic] addiction to alcohol would cost him his life, maliciously and with specific intent, not only refused to submit the critical information to the courts concerning Attorney Kurtz's abuse of alcohol, but also filed fraudulent statements in the inheritance tax return of resident decedent, Robert A. Kurtz, in file number 0310, filed with the Register of Wills of Columbia County, Pennsylvania, whereas under penalties of perjury, fraudulently and with specific intent withheld the real estate property that Robert A. Kurtz had transferred to Regina J. Kurtz and Adam Kurtz, mother and father, on August 5, 2005 and retained the use of said property for personal residence. . . ." (Plaintiff's complaint, ¶37.)

We will first discuss the defendants' preliminary objections in the nature of demurrer to the plaintiff's entire complaint. Pa.R.C.P. 1028 provides: "(a) preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . (4) Legal insufficiency of a pleading (demurrer). . . ." Pa.R.C.P. 1028(A)(4). A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. *Composition Roofers Local 30/30B v. Katz,* 398 Pa. Super. 564, 581 A,2d 607 (1990). A preliminary objection in the nature of a demurrer tests the legal sufficiency of the complaint. *Smith v, Wagner,* 403 Pa. Super. 316, 588 A.2d 1308 (1991). When sustaining a preliminary objection that would result in the dismissal of an action, the objection should be sustained only in cases that are free from doubt. *Engle v. Engle,* 412 Pa. Super. 425, 603 A.2d 654 (1992). Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer. *Jackson v. Garland,* 424 Pa. Super. 378, 622 A.2d 969 (1993).

As to the alleged legal malpractice of Attorney Kurtz, we note that "[a]n action for legal malpractice may be brought in either contract or tort." *Wachovia Bank N.A. v. Ferretti,* 935 A.2d 565, 570 (Pa. Super. 2007), quoting *Garcia v. Community Legal Services Corp.,* 362 Pa. Super. 484, 489, 524 A.2d 980, 982 (1987). To establish a legal malpractice action sounding in negligence, a plaintiff must prove: (1) the employment of the attorney or another basis for a duty owed to the plaintiff; (2) the attorney failed to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the

harm to the plaintiff. *Wachovia, supra,* 935 A.2d at 570-71, citing *Bailey v. Tucker,* 533 Pa. 237, 246, 621 A.2d 108, 112 (1993). With regard to a breach of contract claim, 'an attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large.'" *Wachovia,* 935 A.2d at 571, quoting *Bailey, supra;* see also, *Gorski v. Smith,* 812 A.2d 683, 694 (Pa. Super. 2002) (citing *Bailey* and noting that "when an attorney enters into a contract to provide legal services, there automatically arises a contractual duty on the part of the attorney to render those legal services in a manner that comports with the profession at large"). A two-year statute of limitations applies to a legal malpractice action sounding in tort, and a four-year limitations period applies to the breach of contract claim. *Wachovia,* 935 A.2d at 570-71, citing 42 Pa.C.S. §§5524(3), 5525. "Additionally, . . . to avoid waiver of either claim, [a plaintiff is required] to assert them together in one action, because the claims [arise] from the same 'transaction or occurrence' against the 'same person.'" *Wachovia,* 935 A.2d at 570-71, citing Pa.R.C.P. 1020(d) and *D'Allessandro v. Wassel,* 526 Pa. 534, 537-38, 587 A.2d 724, 726 (1991) (indicating that actions in the nature of trespass or assumpsit arising from the same occurrence must be joined).

Because a legal malpractice action, whether based in tort or contract, requires the plaintiff to prove that the attorney failed to exercise the ordinary skill and knowledge of a member of the profession at large, the plaintiff must file a certificate of merit as required by Pa.R.C.P. 1042.3. Here, subsequent to their filing preliminary ob-

jections, the defendants filed a motion to strike the certificate of merit that the plaintiff attached to his complaint. Regarding an action for professional liability, the Pennsylvania Rules of Civil Procedure, Rule 1042.3, provides:

"(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within 60 days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

"(1) an appropriate licensed professional *has supplied a written statement* that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

"(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

"(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Pa.R.C.P. 1042.3(a). (emphasis added)

In their motion to strike the certificate of merit, the defendants argue that the plaintiff did not file a proper certificate of merit with the complaint, and that the plaintiff did not file a corrected certificate of merit within 60

days of filing the complaint. The plaintiff's certificate of merit attached to his complaint states:

"This claim is based upon allegations that the defendant, Robert A. Kurtz, Esquire, deviated from an acceptable professional standard and that other licensed professional's [sic] for whom this defendant, Robert A. Kurtz, Esquire is responsible, deviated from an acceptable professional standard, and there exists a reasonable probability that the sever [sic] addiction to alcohol that caused the defendant, Robert A. Kurtz, Esquire his life and the care, skill and knowledge exercised and exhibited by the defendant in the treatment, practice and work [that] is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, loss of the constitutional rights guaranteed by the Constitution of the United States and the Commonwealth of Pennsylvania, inwhich [sic] the plaintiff, Paul Eline suffered tremendous losses.

"An appropriate licensed professional who is an expert in the field of law will testify at trial."

The plaintiff's certificate of merit is deficient for two reasons: first, it does not state that an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. It is not sufficient for the plaintiff to state that "[a]n appropriate licensed professional who is an expert in the field of law will testify at trial." Secondly, the plaintiff appears to be

implying that Regina Kurtz and Karen Krol were "other licensed professionals for whom this defendant is responsible." We fail to see how Attorney Kurtz's mother and sister, acting in their individual capacities or as administrators of Attorney Kurtz's estate, are considered "other licensed professionals."

Since the plaintiff failed to correct the deficiencies of his original certificate of merit within 60 days of filing the complaint, we find that the plaintiff has failed to file a certificate of merit as required by Rule 1042.3(a). Therefore, the certificate of merit that plaintiff attached to his complaint must be stricken, and, because the plaintiff will not be able to show that Attorney Kurtz deviated from the required standard without an expert's report and testimony, the legal malpractice claim against Attorney Kurtz must be dismissed. Since the plaintiff's certificate of merit is stricken, we need not discuss further the defendants' preliminary objection as to the legal malpractice claim.

With regard to the allegations against Regina Kurtz and Karen Krol, we know of no cause of action under which the plaintiff could recover for the defendants' alleged failure to notify the court that Attorney Kurtz had an alcohol abuse problem. Furthermore, we doubt, if there were such an action, that the plaintiff could prove that he was harmed by their failure to notify the court since, as we noted in footnote 2 hereinabove, Mr. Eline unsuccessfully appealed his conviction and was denied relief in the two PCRA petitions he filed—apparently the Superior Court determined that Mr. Eline received a fair trial and was not wrongfully found guilty of the charges

filed against him. Additionally, we know of no cause of action under which the plaintiff could recover for Attorney Kurtz's having transferred title to his residential real estate to his parents, or for the administrators' allegedly not reporting on the inheritance tax return that Attorney Kurtz had a life estate in the property he transferred to his parents. Therefore, we find that the plaintiff has failed to set forth any cause of action against defendants, Regina Kurtz and Karen Krol, under which the plaintiff could recover damages. Thus, the plaintiff's complaint must be dismissed.

Additionally, the defendants filed a "motion to strike the notice to plead by plaintiff in response to preliminary objections of defendants"; however, since we have decided the preliminary objections in the defendants' favor, this issue is moot.

Accordingly, we rule as follows:

## ORDER

And now, October 29, 2009, upon consideration of the defendants' preliminary objections to the plaintiff's complaint, the defendants' "motion to strike the notice to plead by plaintiff in response to preliminary objections," and the defendants' "motion to strike the certificate of merit of plaintiff attached to the complaint," it is hereby ordered that:

(1) the defendants' preliminary objections in the nature of demurrer are sustained;

(2) The defendants' "motion to strike the certificate of merit of plaintiff attached to the complaint" is granted;

(3) the defendants' "motion to strike the notice to plead by plaintiff in response to preliminary objections" is dismissed as moot; and

(4) the plaintiff's complaint is dismissed with prejudice.