# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan Wheeler,                                    :
                                                 :
                        Appellant                :
                                                 :
           v.                                    :    No. 639 C.D. 2015
                                                 :
Theresa L. Delbalso, et al., Lloyd               :    Submitted: July 24, 2015
Kershner, et al., Joseph Dupont                  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                      **FILED: November 3, 2015**

Ryan Wheeler, pro se, appeals from the Order of the Court of Common Pleas of Luzerne County (trial court) that sustained the preliminary objections (POs) filed by Theresa L. Delbalso, Lloyd Kershner, and Joseph Dupont (collectively, Defendants) and dismissed Wheeler's Complaint for Damages (Complaint) with prejudice. The trial court concluded that Wheeler failed to state claims upon which relief could be granted against Defendants, who are employees of the Pennsylvania Department of Corrections (Department), because: (1) Wheeler's federal claim based on 42 U.S.C. § 1983[1] (Section 1983 claim) was not

---

[1] Section 1983 states, in relevant part:

*(Continued…)*

cognizable because he had adequate post-deprivation remedies under state law of which he did not avail; and (2) Defendants were entitled to sovereign immunity for Wheeler's state law claims. On appeal, Wheeler argues that the trial court erred because he had exhausted the state law remedies available to him, asserted an independent violation of procedural due process claim based on his being prevented from offering documentary evidence at a Department hearing, and sufficiently pleaded that an exception to sovereign immunity applied in this matter. For the following reasons, we affirm.

Wheeler filed the Complaint, with exhibits, on January 10, 2014 setting forth the following relevant averments. He is an inmate confined at the State Correctional Institution (SCI) in Retreat, Pennsylvania (SCI-Retreat). (Compl. ¶ 1.) "Delbalso is the Superintendent of SCI-Retreat" and "is legally responsible for the operations of SCI-Retreat and for the welfare of all the inmates of the facility." (Compl. ¶ 2.) Kershner "held the rank of Captain of Security Intell[i]gence and was assigned to SCI-Retreat." (Compl. ¶ 3.) Dupont is a Department Hearing Examiner who "conduct[ed] video disciplinary hearings at SCI-Retreat." (Compl. ¶ 4.) Defendants were acting under the color of law at the times referenced in the Complaint. (Compl. ¶ 5.) Delbalso and Dupont are being sued in both their

---

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

individual and official capacities, and Kershner is being sued in his individual capacity. (Compl. ¶ 5.)

On August 13, 2013, Kershner directed corrections officers to conduct an investigative search of Wheeler's cell during which all of Wheeler's "personal property including his 19" Viewsonic Color television (S.N. # RICO92191529)" (Television), "was confiscated and taken back to [the] security office," and a receipt was issued for the confiscated items. (Compl. ¶ 6.) Most of Wheeler's property was returned to him the next day, but Kershner continued to hold the Television and the Television's manual. (Compl. ¶ 7.) On August 21, 2013, Kershner provided Wheeler with another receipt "permanently confiscating his Viewsonic television, operation manual and copies of commissary receipts." (Compl. ¶ 8.) That same day Kershner charged Wheeler with misconduct based on various provisions of the Pennsylvania Crimes Code and the Department's policies, as follows: No. 26 – "Theft by unlawful taking and disposition . . . and . . . Theft by deception" in violation of Sections 3921 and 3922 of the Pennsylvania Crimes Code, 18 Pa. C.S. §§ 3921, 3922; No. 36 – Possession of Contraband; and No. 38 – "Destroying, Altering, Tampering with or damaging property." (Compl. ¶ 9.) Kershner "accus[ed Wheeler] of attempting to defraud DTV Solutions for monetary gain by[]way of a lawsuit." (Compl. ¶ 9.)

A video disciplinary hearing was held before Dupont on August 27, 2013. (Compl. ¶ 10.) Wheeler

> requested to introduce documentary evidence that would have exonerated him of the Pa. Crime Code charges alleging defraud as the evidence would have shown plaintiff withdrew the lawsuit before

3

litigation commenced.  See: Exhibit D.  In addition, a copy of the proof of purchase for the Viewsonic television.  See: Exhibit E[.]

(Compl. ¶ 11.)  "Dupont[] refused the documentary evidence," accepted "Kers[]hner's written version (misconduct)," found Wheeler guilty of the misconduct, "sanctioned [Wheeler] to 90 days disciplinary custody in the Restricted Housing Unit . . . (RHU)," and revoked the contraband, i.e., the Television and the Television's manual.  (Compl. ¶ 12.)

"On September 3, 2013, while in the RHU, [Wheeler] spoke with" SCI-Retreat's Deputy Superintendent of Facility Management (Deputy Superintendent), who advised Wheeler "that if [he] could produce a receipt of purchase he would return the confiscated" Television.  (Compl. ¶ 13.)  However, when Wheeler forwarded the bill of sale for the Television and requested its return, Deputy Superintendent stated that:  the Television had been confiscated; Dupont's sanctions included the confiscation of contraband, which included the Television; and "unless a misconduct appeal reversed the sanction," the Television would not be returned.  (Compl. ¶ 14 (internal quotation marks omitted).)  As of the date the Complaint was filed, the "[T]elevision remain[ed] in the care, custody and control of . . . Kers[]hner."  (Compl. ¶ 18.)[2]

Wheeler appealed his misconduct charge to the Program Review Committee on September 6, 2013, which upheld Dupont's decision.  (Compl. ¶¶ 19-20.)  Wheeler then appealed to the Deputy Superintendent on September 19, 2013 and produced, with his appeal, "the document[s] that would have exonerated him of the

---

[2] The Complaint omits paragraphs 15-17.

4

misconduct charge," including the proof of purchase. (Compl. ¶ 21.) The Deputy Superintendent denied the appeal on September 30, 2013. (Compl. ¶ 22.) Wheeler submitted his final level appeal, with documentation exonerating him of the misconduct, "to the [Chief] Hearing Examiner at [the Department's] Central Office, asserting procedural errors that occurred during his disciplinary hearing and request for return of [the T]elevision [that had been] revoked as contraband" on October 4, 2013. (Compl. ¶ 23.) The Chief Hearing Examiner denied Wheeler's final level appeal. (Compl. ¶ 24.)

Based on these averments, Wheeler asserted the following legal claims in the Complaint. Kershner violated local and federal law, as well the Department's contraband policy, when he indefinitely detained the Television without probable cause and without due process under the Fourteenth Amendment to the United States Constitution,[3] which resulted in Wheeler suffering damages. (Compl. ¶¶ 28-29.) Any reasonable prison official of Kershner's rank would know that confiscating an inmate's "television without probable cause and deliberately detaining it," even though the property had no connection to the accused "misconduct[,] would constitute a proximate cause to a personal injury and a property interest violation of due process under the Fourteenth Amendment." (Compl. ¶ 30.) Delbalso "is legally responsible for the operations of" SCI-Retreat, knew that "Kers[]hner's actions were deliberate[,] and failed to correct the problem before [Wheeler's] property interest under the Fourteenth Amendment was violated." (Compl. ¶ 26.) "Delbalso had fair warning that . . . [Kershner's] actions

_____

[3] In pertinent part, the Fourteenth Amendment states "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

5

had violated [Wheeler's] property right[s]" because she received "a copy of the original bill of sale for the Viewsonic television" and she "breach[ed her] duty owed to [Wheeler] to correct any wrongdoings asserted by prison officials of SCI-Retreat," causing Wheeler injuries to his property interests. (Compl. ¶ 27.) Dupont breached his known duty to act impartially and administer due process and violated the Department's regulation at 37 Pa. Code § 93.10(b)(3),[4] causing Wheeler personal injury to his property interests when Dupont revoked the Television as contraband. (Compl. ¶¶ 31-33.) "Any impartial hearing examiner in . . . Dupont's position would have known that . . . revoking [the Television] when it had not been determined" to be contraband associated with the misconduct, and without allowing an inmate to present documentary evidence, would violate the right to procedural due process under the Fourteenth Amendment and his actions "constitute[] the proximate cause of [Wheeler's] injury." (Compl. ¶ 34.)

Wheeler asserted that he exhausted all of the administrative remedies available to him under the Department's policies, "has no plain, adequate or complete remedy at law to redress the wrongs described" in the Complaint, and will continue to be injured until the Court grants relief. (Compl. ¶ 35.) As relief, Wheeler requested, *inter alia*, the expungement or vacation of his misconduct charge, a preliminary or special injunction against any retaliation that might occur as a result of his Complaint, repayment of the cost for the Television, repayment

---

[4] The Department's regulation on inmate discipline provides, in relevant part, that inmates will receive, if desired, a "[h]earing before an impartial hearing examiner . . . for charges specified by the Department in the Department . . . Inmate Handbook," at which the inmate is given the "[o]pportunity . . . to tell his story and to present relevant evidence." 37 Pa. Code § 93.10(b)(2), (3) (emphasis omitted).

6

for the cost of the replacement television he purchased, $25 per day from August 13, 2013 for Kershner's detention of the Television, and compensatory damages. (Compl. ¶¶ 36-41.)

Defendants filed their POs on May 12, 2014. In the POs, Defendants challenged the legal sufficiency of the Complaint under Section 6602(e)(2) of the Prison Litigation Reform Act[5] (PLRA). Defendants asserted they are entitled to the defense of sovereign immunity for the asserted state law claims because, as Commonwealth employees, they are immune from intentional torts and there were no facts pleaded showing negligence that would fall into one of the exceptions to sovereign immunity. (POs ¶ 1.) They also argued that Wheeler's Section 1983 claim was barred because he "had adequate post-deprivation remedies regarding any loss of [his] property through a state court action." (POs ¶ 2.) Wheeler responded that Defendants are not entitled to sovereign immunity because Defendants were negligent in taking custody of the Television and, therefore, the "care, custody or control of personal property" exception to immunity set forth in Section 8522(b)(3) of the act commonly known as the Sovereign Immunity Act,[6]

_____

[5] 42 Pa. C.S. § 6602(e)(2). Section 6602(e)(2) of the PLRA provides that a "court shall dismiss prison conditions litigation at any time" if it determines that the "litigation . . . fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude relief." Id. Prison conditions litigation involves a civil proceeding that challenges "the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison." Section 6601 of the PLRA, 42 Pa. C.S. § 6601.

[6] Section 8522(b)(3) provides that "the defense of sovereign immunity shall not be raised to claims for damages caused by: . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency . . . ." 42 Pa. C.S. § 8522(b)(3).

7

42 Pa. C.S. § 8522(b)(3), applied. (Wheeler's Response to POs at 2-3.) He further asserted that his Section 1983 claim was not barred because Section 1983 permitted him to sue Defendants for depriving him of his property in violation of his procedural due process rights, as guaranteed by the Fourteenth Amendment, because that deprivation was in retaliation for his lawsuit against DTV Solutions, and Dupont precluded him from presenting evidence at the misconduct hearing. (Wheeler's Response to POs at 3-4.)

After reviewing the POs and the parties' briefs, the trial court sustained both POs on November 26, 2014 and dismissed each claim with prejudice. Wheeler filed an appeal,[7] and the trial court directed him to file a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Wheeler did so, asserting that the trial court erred in dismissing his claims.

In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court addressed Wheeler's allegations of error. Regarding Wheeler's Section 1983 claim, the trial court observed that a violation of due process "'is not complete unless and until the State fails to provide due process,'"

---

[7] Wheeler originally filed his appeal with the Superior Court, which transferred the appeal to this Court. Section 762(a)(1)(i) of the Judicial Code, 42 Pa. C.S. § 762(a)(1)(i), provides that this Court has "exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . Commonwealth civil cases . . . [in which o]riginal jurisdiction . . . is vested in another tribunal by virtue of any of the exceptions to section 761(a)(1) (relating to original jurisdiction)." Under Section 761(a)(1)(v) of the Judicial Code, this Court does not have original jurisdiction over this matter because it involves an action "in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity." 42 Pa. C.S. § 761(a)(1)(v).

8

which does not occur until the plaintiff takes "'advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate.'" (Trial Ct. Op. at 3 (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (internal quotation marks omitted)).) The trial court concluded that Wheeler had not exhausted his state law remedies because the United States Supreme Court has held that the state tort claim for conversion was adequate to remedy a plaintiff's property deprivation and that other state remedies were available, such as seeking the return of his property under Pennsylvania Rule of Criminal Procedure 588(A) (setting forth the manner in which a person aggrieved by a search and seizure may obtain the return of the property seized). (Trial Ct. Op. at 3 (internal quotation marks omitted) (citing Parratt v. Taylor, 451 U.S. 527, 542-43 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 329-31 (1986) (stating that there can be no violation of due process based on negligent conduct); Willard v. Pennsylvania Society for the Prevention of Cruelty to Animals, No. 12-2288, 2013 U.S. App. WL 2302702, **3 (3d Cir. 2013)).) The trial court also concluded that this matter did not fall into the "[c]are, custody or control of personal property" exception because the Complaint "does not contend that the subject television sustained any damage or was destroyed while in the care, custody or control of . . . Kershner," and there is no exception to sovereign immunity for "negligent seizure." (Trial Ct. Op. at 5.) This matter is now ready for this Court's review.[8]

---

[8] In reviewing an order sustaining "preliminary objections, the standard of review is *de novo* and the scope of review is plenary." Keller v. Scranton City Treasurer, 29 A.3d 436, 443 n.12 (Pa. Cmwlth. 2011). "In order to sustain such a preliminary objection, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain it." Muncy Creek Township Citizens Committee v. Shipman, 573 A.2d 662, 663 (Pa. Cmwlth.

*(Continued…)*

9

On appeal,[9] Wheeler first contends that the trial court erred in finding that his Section 1983 claim asserting a violation of his procedural due process rights was barred because there were adequate state court remedies that he should have utilized in this matter and did not. According to Wheeler, Criminal Rule 588(A) has no application to situations where the Department confiscates property from inmates. He also argues that he exhausted the Department's internal grievance procedures regarding his misconduct charge in an attempt to obtain the return of the Television, to no avail. Wheeler asserts that, once his internal grievance options were exhausted, he properly filed the Complaint with the trial court seeking redress.

An inmate does not state a cognizable federal claim for the deprivation of the inmate's property by prison officials without procedural due process if the

---

1990). In ruling on a challenge to the legal sufficiency of a complaint, only the well-pled facts and reasonable inferences deduced are admitted. Id.

[9] On August 12, 2015, Wheeler filed an Application for Relief (Application) with this Court to which no response has been filed by Defendants. The Application asks for the same relief requested in the initial appeal, a finding that Defendants are not entitled to sovereign immunity and the reinstatement of the Complaint. Attached to the Application is a copy of a Department "R & D Property Card," which suggests that the Television was destroyed at some point in time. This document was not attached to the Complaint and, therefore, is not contained in the certified record. Additionally, the Complaint contains no averment that the Television was destroyed or damaged, and Wheeler did not attempt to amend his Complaint to include such an averment. This Court may not consider this extra-record allegation or evidence because: (1) in considering the legal sufficiency of a complaint, only the *well-pled facts* and reasonable inferences deduced are admitted, Muncy Creek Township Citizens Committee, 573 A.2d at 663; and (2) "[o]nly items which are part of the certified record may be considered by an appellate Court," Kochan v. Department of Transportation, Bureau of Driver Licensing, 768 A.2d 1186, 1189 (Pa. Cmwlth. 2001). Because the Application seeks the same relief as the appeal in this matter and we cannot consider any averments not contained in the Complaint or certified record, we dismiss the Application as moot.

inmate has an adequate post-deprivation state law remedy. Hudson v. Palmer, 468 U.S. 517, 533-34 (1984). The trial court, here, concluded that state law remedies were available under both Criminal Rule 588(A) and state tort law; therefore, Wheeler's Section 1983 claim was not cognizable. We address each of the trial court's bases for sustaining Defendants' PO to Wheeler's Section 1983 claim.

Criminal Rule 588(A) provides, in relevant part, that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof." Pa. R. Crim. P. 588(A). We agree with Wheeler that this Rule is not applicable in this matter, where the Department confiscated the Television as contraband following an internal investigation. The Rules of Criminal Procedure "govern criminal proceedings in all courts including courts not of record." Pennsylvania Rule of Criminal Procedure 100, Pa. R. Crim. P. 100. The Television's confiscation was not part of a criminal proceeding and the Complaint involves a civil claim; therefore, the Criminal Rules do not apply in this matter. However, this does not mean that other state remedies were unavailable to Wheeler that would preclude the filing of a Section 1983 claim for the confiscation of the Television.

State law tort claims, such as conversion, provide inmates with an adequate post-deprivation remedy. Hudson, 468 U.S. at 520 n.1 & 533, 535; Parratt, 451 U.S. at 542-43. Wheeler, himself, acknowledges that "[s]tate tort claims are viable remedies to redress property destruction," which is why he filed the Complaint

11

asserting that Defendants' actions in confiscating the Television were negligent.[10] (Wheeler's Br. at 9.)  Furthermore, the Department's grievance procedures have been described as providing adequate and meaningful legal remedies to inmates. See Silo v. Ridge, 728 A.2d 394, 399 (Pa. Cmwlth. 1999) (citing Hudson and stating that because inmates had an ability to challenge an assessment against their inmate accounts "through the grievance procedure, due process does not require that inmates be able to challenge the assessment" prior to the assessment); Waters v. Department of Corrections, 509 A.2d 430, 433 (Pa. Cmwlth. 1986) (holding that the inmate grievance review system provides an adequate and meaningful legal remedy rendering mandamus unavailable); Austin v. Lehman, 893 F. Supp. 448, 454 (E.D. Pa. 1995) (holding that the Department's "grievance procedure constituted an adequate post-deprivation remedy for any deprivation Plaintiff may have suffered").  Because Wheeler admittedly has adequate post-deprivation state law remedies, the trial court did not err in dismissing Wheeler's Section 1983 claim.

Wheeler next argues that the trial court also erred in dismissing his Section 1983 claim because he stated a separate claim for a denial of due process under the Fourteenth Amendment based on Dupont's refusal to allow him to present relevant evidence at his misconduct hearing.  See 37 Pa. Code § 93.10 (setting forth the

---

[10] Although the Complaint does not expressly assert that Defendants' actions were negligent, the averments contained therein speak in terms of Defendants' duty toward Wheeler and other inmates, Defendants' breach of those duties, what reasonable people in Defendants' position should have known regarding their duties and actions, and that he suffered damages as a result of those breaches.  (Compl. ¶¶ 26-34.)  Further, Wheeler relies on the "care, custody or control of personal property" exception to sovereign immunity, which applies only to negligence actions.  42 Pa. C.S. § 8522(b)(3).

12

procedures for inmate disciplinary hearings); <u>Burns v. Department of Corrections</u>, 642 F.3d 163, 173 (3d Cir. 2011) (holding that an inmate has a due process right to "'present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals'" (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 566 (1974))).

A review of the Complaint reveals that Wheeler's procedural due process claims were related to the confiscation of the Television itself and his attempts to seek the Television's return. We do not read the Complaint as setting forth a separate and independent Section 1983 claim against Dupont that is unrelated to his role in the confiscation of the Television. Moreover, we observe that although Wheeler asserts that he was unable to present evidence regarding his ownership of the Television at the hearing, he did submit that evidence in subsequent stages of review within the Department's grievance process. As stated above, because there are adequate state law remedies available regarding the Television's confiscation, we discern no error in sustaining Defendants' PO to Wheeler's Section 1983 claim.

Wheeler also argues that the trial court erred in concluding that Defendants were entitled to sovereign immunity. Wheeler asserts that Defendants' negligence in confiscating the Television falls within the "care, custody or control of personal property" exception to sovereign immunity. 42 Pa. C.S. § 8522(b)(3). According to Wheeler, the Television was destroyed at some point in time following the completion of the Department's grievance process and, therefore, Defendants are liable for damages per <u>Williams v. Stickman</u>, 917 A.2d 915, 917-18 (Pa. Cmwlth. 2007).

13

"Generally, sovereign immunity protects Commonwealth officials and employees acting within the scope of their duties from civil liability." Kull v. Guisse, 81 A.3d 148, 154 (Pa. Cmwlth. 2013). However, the General Assembly has waived immunity "for damages arising out of a negligent act where the damages would be recoverable under the common law or statute creating a cause of action if the injury were caused by a person not having . . . sovereign immunity" and one of the nine exceptions set forth in Section 8522(b) of the Sovereign Immunity Act is applicable. 42 Pa. C.S. § 8522(a). At issue here is the exception found at Section 8522(b)(3), which provides that "the defense of sovereign immunity shall not be raised to claims for damages caused by: . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency . . . ." 42 Pa. C.S. § 8522(b)(3). The exceptions to sovereign immunity "must be strictly construed and narrowly interpreted." Brown v. Blaine, 833 A.2d 1166, 1173 (Pa. Cmwlth. 2003).

In Williams, an inmate filed a civil action against various Department employees claiming, *inter alia*, that they acted negligently after taking custody of his television when he went into administrative custody, resulting in damages to the television. Williams, 917 A.2d at 916-17. We rejected the defendants' assertion that the care, custody or control of personal property exception did not apply, holding that the inmate "set[] forth a claim for damages to his television caused by the care of the television set while it was in the possession of Commonwealth parties." Id. at 918 (emphasis omitted). This Court held that,

14

"[b]ased on the plain language of [S]ection 8522(b)(3), the state employees may not raise sovereign immunity as a defense in this case." Id.

Although, on its face, Williams appears to be similar to the present matter, it is distinguishable for the following reasons. As Defendants point out, this is not a situation where Department staff negligently lost or damaged Wheeler's property, but a case of intentional confiscation of the Television as contraband following Wheeler's admitted attempt to defraud DTV Solutions using the Television. (Department Disciplinary Hearing Report, Compl. at Ex. F.) More importantly, the Complaint does not indicate that the Television was damaged or destroyed while in Defendants' custody. Although Wheeler now asserts that the Television has been destroyed, this fact was not pled in the Complaint. As previously noted herein, this Court may not consider extra-record evidence or allegations because: (1) in ruling on a challenge to the legal sufficiency of a complaint, only the *well-pled facts* and reasonable inferences deduced are admitted, Muncy Creek Township Citizens Committee v. Shipman, 573 A.2d 662, 663 (Pa. Cmwlth. 1990); and (2) "[o]nly items which are part of the certified record may be considered by an appellate Court," Kochan v. Department of Transportation, Bureau of Driver Licensing, 768 A.2d 1186, 1189 (Pa. Cmwlth. 2001). Because Wheeler did not allege in the Complaint that the personal property in the care, custody or control of Defendants was damaged, Wheeler could not establish that one of the exceptions to sovereign immunity applied here. Therefore, the trial court did not err in dismissing Wheeler's state law negligence claim on this basis.

15

Wheeler also maintains that, as a layperson, he should have been given leave to amend the Complaint before the trial court dismissed it with prejudice. The decision to allow a party to amend a pleading is within the discretion of the trial court. Werner v. Zazyczny, 681 A.2d 1331, 1338 (Pa. 1996). However, if there is no request to amend a pleading, it is not an abuse of discretion for a trial court not to, *sua sponte*, order amendment. Id. Here, Wheeler did not request the opportunity to amend the Complaint in his response to the POs. Moreover, Pennsylvania Rule of Civil Procedure 1028(c)(1) provides that "[a] party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections." Pa. R.C.P. No. 1028(c)(1). Wheeler had an opportunity to amend the Complaint in response to the POs, but he did not. Thus, we discern no error in the trial court's dismissal of the Complaint without giving Wheeler the opportunity to amend it.

Accordingly, we affirm the trial court's Order.

_____
**RENÉE COHN JUBELIRER, Judge**

16

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Ryan Wheeler,               :
                             :
            Appellant         :
                             :
            v.                 :     No. 639 C.D. 2015
                             :
Theresa L. Delbalso, et al., Lloyd     :
Kershner, et al., Joseph Dupont      :

## O R D E R

**NOW**, November 3, 2015, the Order of the Court of Common Pleas of Luzerne County, entered in the above-captioned matter, is hereby **AFFIRMED**. It is further ordered that the Application for Relief filed by Ryan Wheeler is hereby **DISMISSED AS MOOT**.

 

_____
**RENÉE COHN JUBELIRER, Judge**